THE STATE, EX REL. ERWIN ET AL., APPELLEES, *v.* BOARD OF EDN. OF JACKSON COUNTY SCHOOL DIST., JACKSON COUNTY, OHIO, ET AL., APPELLANTS.

[Cite as State, ex rel. Erwin, v. Bd. of Edn., 17 Ohio St. 2d 63.]

(No. 68-213—Decided March 12, 1969.)

*Mr. Thomas H. Monger* and *Mr. William E. Knepper,* for appellees.

*Mr. Thomas S. Delay,* prosecuting attorney, *Mr. M. D. Slavens, Messrs. Isaac, Postlewaite, O'Brien & Oman* and *Mr. Sol Morton Isaac,* for appellants.

*Per Curiam.* Section 3311.29, Revised Code, effective August 16, 1965, provides in part:

"No school district shall be created and after July 1, 1968, no school district shall exist which does not maintain within such district public schools consisting of grades one through twelve, inclusive, and any such existing school district not maintaining such schools after such date shall be dissolved and its territory joined with another school district or districts. * * * "

The respondents allege in their answer that:

"* * * Bloomfield Local School District was then and had been for many years a school district which did not maintain within such district public schools consisting of grades one through twelve, inclusive, and that said board * * * thereafter failed and refused to initiate any action to comply with the mandatory provisions of Section 3311.29, Revised Code, and, in fact, as of August 1, 1966, said board * * * indicated to the [county] board * * * in writing, they were opposed to any change in the Bloomfield * * * district boundaries and that said [Bloomfield] board * * * presented their position in the matter, that of inaction, to the respondents at a regular meeting of the * * * county board * * * on August 20, 1966, by delivering to and filing with said * * * county board * * * a copy of the resolution passed unanimously by the Bloomfield [board] * * * at a regular meeting on Monday, August 1, 1966."

The respondents allege further that they, as members of the Jackson County board, through Ralph McCor-

mick, the County Superintendent of Schools, "requested the Board of Education of Bloomfield Local School District and the members thereof to initiate appropriate action to comply with Section 3311.29, Revised Code, and further that said Ralph McCormick met with said Board of Education of Bloomfield Local School District and its members for the purpose of explaining the intent, purpose and significance of said newly enacted Section 3311.29, Revised Code, and urged, at that time, said Board of Education of Bloomfield Local School District to initiate some appropriate action to comply with the requirements of Section 3311.29, Revised Code, and that said action be initiated prior to July 1, 1968 * * *."

The respondents allege also that the Bloomfield board had initiated no action to comply with the mandatory requirements of Section 3311.29, Revised Code, by March 16, 1967.

The respondents allege further that on March 16, 1967, respondent, the county board of education, duly adopted a resolution pursuant to authority granted to it by Section 3311.26, Revised Code, proposing the creation of a new local school district to be composed of three existing school districts, one of which was Bloomfield Local School District; that *no petition of referendum was filed against said proposal pursuant to the provisions of Section 3311.-26, Revised Code.*

The new district as proposed by the county board became effective *April 15, 1967,* according to the following provisions of Section 3311.26, Revised Code:

*"The creation of a new local school district, as proposed by a county board of education under the provisions of this section, shall become effective on the thirtieth day after the adoption by the county board of the resolution proposing such creation, unless, prior to the expiration of such thirty-day period, qualified electors residing in the area included in such proposed new district, equal in number to thirty-five per cent of the qualified electors voting at the last general election, file a petition of referendum against the creation of the proposed new district,*

"* * *

"*The persons qualified to vote upon a proposal are the electors residing in the proposed new districts.*" (Emphasis added.)

On April 11, 1967, pursuant to the authority granted in Section 3311.231, Revised Code, relators, appellees herein, and other electors equal in number to more than 55 per cent of the qualified electors voting at the last general election *residing in the territory known as the Bloomfield Local School District,* proposed, by petition, the transfer of all of such territory to the adjoining Jackson City School District. The petition was submitted to the county superintendent of schools.

On July 26, 1967, in compliance with a writ of mandamus issued by the Court of Common Pleas for Jackson County, the county superintendent of schools delivered the petition to the county board of elections for the purpose of having the sufficiency of the signatures to said petition determined.

On July 28, 1967, the board of elections returned the transfer petition to the county superintendent, with a certificate finding the signatures thereon to be sufficient.

On August 10, 1967, the county superintendent presented the petition to the county board of education, which board refused to certify the petition to the board of elections to be placed on the ballot at the next general election.

On March 19, 1968, in compliance with a writ of mandamus issued by the Court of Appeals on March 4, 1968, the county board of education certified the transfer proposal to the board of elections to be placed on the ballot at the general election to be held on November 5, 1968. Prior to said election the respondents appealed the judgment of the Court of Appeals to this court.

While the cause was pending upon appeal, the election was held. The proposal was submitted only to the electors residing in what had formerly been the territory known as the Bloomfield Local School District, who voted to approve the transfer of that territory to the Jackson City district. The electors of the remaining portion of the

territory in the newly created district were not permitted to vote upon this proposition.

The electors of the Bloomfield district could have properly petitioned for the referendum against the proposed creation of the new district. Under the law, all the electors residing in the proposed new district would have been eligible to vote on that question. Under the petition, which proposed to transfer only that portion of the territory of the proposed new district which was the territory of the old Bloomfield district, the relators contend that only the electors residing in the territory of the old Bloomfield district were eligible to vote on the transfer under the provisions of Section 3311.231, Revised Code, and the Court of Appeals agreed with their position. Thus, only such electors were permitted to vote upon the issue when it was submitted at the election held November 5, 1968.

The relators contend that the effect of a favorable vote of only those electors of the territory, which was formerly the Bloomfield district, on the proposed transfer of territory overrides the county board's proposal for the creation of a new district which, under the provisions of Section 3311.26, could be overriden only by a referendum against that proposal, in which referendum all the electors residing in the new district are eligible to vote.

The argument of the relators, that they ought to have the right to determine their own destiny, is not persuasive, because it is undisputed that these electors had the right, and ample time, to file their petition to transfer the territory of the Bloomfield district prior to the time the county board took its action creating a new district, and thus to have controlled their own destiny. In fact, they were encouraged to take such action as they might desire to take to control their own destiny. They chose to take no action. Their remedy, after the county board adopted its resolution creating the new district, was by referendum as provided for in Section 3311.26, Revised Code, or by a petition to transfer, which transfer proposal must be submitted to all. the electors of the territory in the newly created district.

A proper interpretation of Sections 3311.26 and 3311.-

231, Revised Code, as applied to the facts in this case, is: (1) After the date upon which a proposal for the creation of a new district has been properly adopted by a county board of education, a referendum may be filed, pursuant to the provisions of Section 3311.26, against the proposed new district within 30 days, and all the electors of the proposed new district are eligible to vote upon such referendum; (2) where a petition for the transfer of a portion of the territory in such proposed new district is filed after the date upon which the resolution proposing to create the new district is adopted by the county board, and where no referendum against such proposed new district is filed within the required time, as provided in Section 3311.26, then all the electors of the newly created district are eligible to vote upon the petition for transfer according to the provisions of Section 3311.231.*

The judgment of the Court of Appeals is, therefore, reversed. The election which was held pursuant to the judgment and order of the Court of Appeals is, therefore, a nullity.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT (PAUL M.) and SCHNEIDER, JJ., concur.

HERBERT (Thomas M.) and DUNCAN, JJ., not participating.

JUDGE PAUL M. HERBERT, retired, assigned to active duty under authority of Section 6 (C), Article IV, Constitution.

---

*This court is not called upon in this cause to determine the question which would have been presented had the petition to transfer the territory of the old Bloomfield district to the Jackson City district been filed prior to the date on which the county board adopted the resolution creating the new district when the election on the transfer petition had not yet been held at the time the resolution creating a new district was adopted or even at the time it became effective, *i. e.,* 30 days after adoption where no referendum was filed.