THE STATE, EX REL. HANNAN ET AL., APPELLANTS, v. DECOURCY ET AL., BOARD OF COUNTY COMMRS. OF HAMILTON COUNTY, APPELLEES.

74

(No. 68-628—Decided May 7, 1969.)

*Messrs. Goodman & Goodman* and *Mr. Sol Goodman*, for appellants.

*Mr. Melvin G. Rueger*, prosecuting attorney, and *Mr. Arthur M. Ney*, for appellees.

SCHNEIDER, J. Within a 27-day period commencing on November 15, 1967, the unincorporated community of Kenwood, in Sycamore Township, Hamilton County, was infected by the presentation to the appropriate local boards

of one petition for incorporation of a village, under that name, and three petitions for annexation of substantially separate portions of the community to two adjacent municipal corporations.

Primarily involved here are the incorporation petition and the annexation petition filed by relators as agents for the petitioners. The other two petitions for annexation are described in the margin.[1]

### THE INCORPORATION PETITION

At least ten percent of the persons seized of freehold estates residing within an area proposed to be incorporated as the village of Kenwood filed an incorporation petition with the clerk of the board of township trustees on Sunday, November 26, 1967. When that board first took action upon the petition is undisclosed. It is of record that it heard the petition on December 27, 1967. Sometime thereafter, it found that the proposed municipal corporation contained territory within three miles of the boundaries of several existing municipal corporations, in consequence of which it forwarded the petition to the board of county commissioners for further action pursuant to statute.

When the latter body received the petition and when it first took action thereon is also unknown. The record picks up the petition again at a hearing before the board of county commissioners on July 10, 1968, when that board determined that the area proposed for incorporation could

[1]A majority of adult freeholders in a portion of Kenwood proposed to be annexed to the village of Montgomery filed their petition with the board of county commissioners on November 15, 1967. This petition was heard on May 29, 1968, denied on June 19, 1968, and, therefore, was extinct when this suit was commenced.

On November 28, 1967, a majority of adult freeholders in a portion of Kenwood substantially different from that contained in relators' petition (but overlapping it in a small area), and nearly wholly within the area encompassed in the incorporation petition, filed a petition for annexation to the city of Madeira with the board of couny commissioners. No action has yet been taken on this petition and it remains pending before that board. This petition is entirely compatible with relators' petition, but it is equally, with relators' petition, incompatible with the proposed incorporation of Kenwood.

reasonably be annexed to nine existing municipal corporations, journalized that finding and forwarded copies thereof to the clerks of the legislative authorities in those nine municipalities.

Before the 90-day period next following had expired on October 8, 1968, four municipalities (Cincinnati, Deer Park, Silverton and Montgomery), by action of their respective legislative authorities, filed with the board of county commissioners and the county board of elections petitions to annex separate portions of the proposed village. Both boards thereupon ordered a vote by the electors of the unincorporated area of the township on the four municipally-proposed annexation issues at the general election on November 5, 1968.

All the acts and proceedings described thus far were taken in complete conformity to the statutes governing incorporation (Section 707.01 *et seq.*, Revised Code) and annexation (Section 709.01 *et seq.*, Revised Code), in effect on and before November 30, 1967.

On December 1, 1967, substantial changes in those statutes, and the proceedings thereunder, became effective by way of extensive amendments and repealers contained in Amended Substitute Senate Bill 220 and Amended Senate Bill 221, of the 107th General Assembly, both of which were approved by the Governor on September 1, 1967. (132 Ohio Laws S 220, S 221.)

No portion of those Acts expressly make them applicable to proceedings pending on their effective date. Consequently, the incorporation petition, as well as the annexation petition still pending (which is described in footnote 1) are governed by the provisions of the statutes as they existed prior to December 1, 1967. Section 1.20, Revised Code; *Woodward* v. *Eberly*, 167 Ohio St. 177.

RELATORS' ANNEXATION PETITION

On December 11, 1967, *the tenth day after the amendments to the annexation and incorporation statutes took effect*, a majority of adult freeholders in a portion of Kenwood substantially different from that contained in the November 28th annexation petition (but overlapping it in one small area), and nearly wholly within the area of the

proposed incorporation, filed their petition with the board of county commissioners to be annexed to the adjacent city of Madeira.

Present Section 709.031, Revised Code (effective December 1, 1967), provides that the "board of county commissioners shall set the time and place for hearing the petition, which time shall not be less than sixty nor more than ninety days after the petition is filed in the office of the county auditor." Presumably, this was done immediately upon the filing of the petition with the board. (Present Section 709.03, Revised Code.) Moreover, present Section 709.033, Revised Code (effective December 1, 1967), further provides that the board "shall grant or deny the petition for annexation within ninety days after the hearing set pursuant to Section 709.031 of the Revised Code."

After their demand for compliance with these commandments applicable to their annexation petition was refused, relators invoked the assistance of the Court of Appeals to secure those rights granted by the new legislation (which rights were unavailable to the proponents of any of the other petitions under the prior legislation) by commencing this action on October 10, 1968, for a writ of mandamus, (1) to order the board to set the hearing on their annexation petition and (2) to cancel the order for an election on Cincinnati's petition (filed in the incorporation petition proceedings before the board of county commissioners) to annex part of the territory included in relators' petition for annexation to Madeira.

The issues were promptly joined by the answer of the respondent board and a demurrer thereto filed by relators. The case was heard and argued forthwith and on October 28, 1968, the court, by journal entry, overruled the demurrer and denied the writ. We hold that the Court of Appeals was correct in permitting the election to proceed, but erred to the prejudice of relators in denying the writ to hold a hearing on their petition for annexation.

It appears to us self-evident that when a duty is enjoined by statute upon an administrative board to hear and decide an issue within specific time limitations, it is mandatory that the board act accordingly, unless to do so

would lead to an inevitable conflict with rights which are superior to those of the party for whose benefit the duty is to be discharged. To hold that proposition of law inapplicable to the present case would be to impute to the General Assembly an intention to suspend, even beyond December 1, 1967, the efficacy of the new amendments to the annexation laws and to relegate those having rights under them to a position inferior to those who are not so benefited.

A lack of prescience by the General Assembly has been suggested by counsel for that body's failure to provide a means of resolving possible conflicts between concurrent petitions, some of which would be governed by the old legislation and others by the new. This suggestion overlooks present Section 709.07, Revised Code (effective December 1, 1967), which for the first time provides that an injunction may be obtained by one who shows that an "annexation would adversely affect the legal rights or interests of the petitioner [for the injunction]." Present Section 709.07 (D)(1), Revised Code.

Before the interest of the relators in the annexation of territory to Madeira and the interest of Cincinnati to annex nearly all of the same territory could converge upon an unalterable collision course, several possible events must ripen into certainties. First, the board of county commissioners must find the conditions imposed by present Section 709.033, Revised Code (effective December 1, 1967), and approve the annexation to Madeira. Next, the legislative authority of Madeira must accept the territory. Present Section 709.04, Revised Code (effective December 1, 1967). Only then would it become appropriate or even necessary for Cincinnati to resort to present Section 709.07, Revised Code, claiming that its legal rights or interests were adversely affected by the annexation of relators' territory to Madeira.

However, a decision on this basis would merely defer the resolution of more fundamental questions to a later day and would be inadequate not only to the needs of the present case but also to the future guidance of boards of county commissioners.

The prosecuting attorney took the position before the court below that if all four municipally-proposed petitions for annexation failed at the election, the board of county commissioners would be required to return the incorporation petition to the township trustees pursuant to former Section 707.05, Revised Code, for another election on the question of the incorporation of Kenwood under former Section 707.16 *et seq.*, Revised Code.

At the hearing of this appeal, we were informed that all four annexation petitions did, indeed, fail at the general election. The prosecuting attorney thus renewed his claim before us that the potential conflict between the exercise of jurisdiction of the township trustees as to incorporation and that of the board of county commissioners as to annexation to Madeira of part of the same territory constitutes a defense to the claim for a writ. In rejecting this position, we are forced to the unappealing task of interpreting the substance of statutory language which has long since been disavowed by deletion or outright repeal.

The board of county commissioners received the incorporation petition from the township trustees by virtue of former Section 707.16, Revised Code, which provided that "further proceedings [by the board of county commissioners] upon such petition shall be governed exclusively by Sections 707.05 to 707.14, inclusive, of the Revised Code." Former Section 707.05, Revised Code, provided in pertinent part that "if the petition for incorporation was filed originally with the township trustees, the board of county commissioners shall return the petition to the township trustees for further proceedings under Sections 707.15 to 707.22, inclusive, of the Revised Code, if proceedings to annex such territory to the adjacent municipal corporation under Section 709.02 or 709.13 of the Revised Code have not been filed with the board of county commissioners within ninety days of the giving of notice [an event which did not occur] or if an annexation petition was finally determined by the board of county commissioners or adjudicated adversely to the proposed annexation [events which had not occurred at the time this case was heard and decided by the Court of Appeals]."

That language was not the epitome of comprehensiveness. But so long as the words chosen are fairly unambiguous they will be given reasonable effect. It is clear, therefore, that an election *adverse* to all of several municipally-proposed annexations, as distinguished from a *determination* (by the county commissioners) or an *adjudication* (by a court), is not a condition subsequent requiring a return of the original incorporation petition to the township trustees. The inference is entirely reasonable that the General Assembly, if it considered the situation at all, intended that an election on incorporation should not follow closely on the heels of an election adverse to the annexation of part or all of the same territory and that further proceedings to incorporate should remain within the discretionary powers of the county commissioners under former Section 707.05 *et seq.*, Revised Code.

This conclusion finds support in the trend of legislation to discourage further incorporation. The language here construed was adopted by a 1963 amendment. It was intended to diminish the facility of incorporation. With the 1967 amendments, incorporations have now been removed entirely from the township trustees and the election process, and are vested in the exclusive jurisdiction of the boards of county commissioners.

To summarize, the incorporation proceeding, which was in this case commenced by the filing of the incorporation petition within the jurisdiction of the township trustees, was, by the referral to the board of county commissioners under former Section 707.16, Revised Code, and by the filing of the municipally-proposed annexation petitions under former Section 707.05, Revised Code, transmuted into a proceeding in which the dominant concern was the annexation of all or any part of the territory within the discretionary jurisdiction of the county commissioners.

This brings us directly to the final proposition of the prosecuting attorney, which, to our view, is also unsound. He contends that petitions for annexation and incorporation must be fully "processed" by the board of county commissioners in the order in which they were filed. There is neither statutory nor decisional requirement for this

procedure. *Hoye* v. *Schaefer*, 166 Ohio St. 277,[2] and *State, ex rel. Ferris,* v. *Shaver,* 163 Ohio St. 325, are the direct descendants of *Trumbull County Board of Ed.* v. *State, ex rel. Van Wye,* 122 Ohio St. 247. Those cases concerned two separate administrative agencies having concurrent jurisdiction of separate proceedings affecting common territory. The rule of their common ancestor, *Merrill* v. *Lake,* 16 Ohio 373, is that as between courts having concurrent jurisdiction of the same cause or subject of action, the court which first acquires jurisdiction may proceed to exhaust that jurisdiction to the exclusion of the second court, and the latter shall defer to the former.

The risk that parties will be placed in jeopardy of facing the enforcement against them of contradictory judgments, which was the foundation for the rule of *Merrill,* is not present where, as here, the *same* board has jurisdiction of potentially conflicting proceedings.

On the state of the record now before us, we find that when the court below heard and decided this case the board of county commissioners had sole jurisdiction of the incorporation petition (which included the four municipally-proposed annexation petitions) as well as jurisdiction of both the freeholder-proposed annexation petitions then pending. Its jurisdiction of the incorporation petition was subject to divestment solely upon its decision to deny one or more municipally-proposed annexations notwithstanding a *favorable* election on one or more of the same. *State, ex rel. Loofbourrow,* v. *Board of County Commrs.,* 167 Ohio St. 156.[3] Furthermore, that decision

---

[2]The reference to "races to the courthouse" by Judge Bell in the opinion, at page 278, undoubtedly is the basis for the prosecuting attorney's contention in this case. It should be noted that under existing law there is even less reason for a "race" than under former law. Present Sections 709.031 and 709.033, Revised Code, attempt to prevent dilatory tactics by a board of county commissioners. They do not, however, foreclose the possibility, or the advisability, of hearing jointly all incompatible petitions for annexation filed within a 30-day period, or of considering and deciding, *simul et semel,* all incompatible petitions filed within a 120-day period.

[3]As pointed out previously in the opinion, an *adjudication* of a court adverse to one or more of the annexation proposals within the incor-

was within its sound discretion. *Dabkowski* v. *Baumann*, 175 Ohio St. 89; *State, ex rel. Maxson,* v. *Board of County Commrs.*, 167 Ohio St. 458.

The time of filing of various petitions was not determinative of any priority for their consideration. Their order of precedence was within the discretion of the board of county commissioners subject, of course, to applicable statutory limitations.[4] Therefore, no statute and no rule of law prevented the board of county commissioners from hearing relators' annexation petition not later than 90 days (as ordained by Section 709.033, Revised Code) from October 28, 1967; from making a decision thereon within 90 days after that hearing; and from hearing and deciding, jointly or successively, the other matters within its jurisdiction involving incorporation or annexation of the same territory. Likewise, the board is not now so inhibited. We indulge the presumption that the board will not abuse its discretion by arriving at irreconcilable decisions.

The judgment of the Court of Appeals is reversed, to the extent that it denied the writ of mandamus to the board of county commissioners to set a hearing within 90 days on relators' petition for annexation, and a writ to the same effect is allowed.

*Judgment reversed in part and writ allowed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT and DUNCAN, JJ., concur.

---

poration proceeding would also have divested the county commissioners of jurisdiction of that proceeding. But this contingency was never a consideration since no suit to prevent an annexation had been instituted.

[4] If any municipally-proposed annexation submitted to the electorate in the proceedings under the incorporation petition had carried, a decision to reject that annexation, notwithstanding the favorable vote, would have been required within 90 days of the certification of the results of the election. Former Section 709.17, Revised Code. In any other eventuality, the time of action by the board of county commissioners, which would have triggered relinquishment of its jurisdiction to the township trustees, was not controlled by statute. See former Section 707.05, Revised Code.