McKinney et al., Appellants, v. Brown et al., Appellees.

[Cite as McKinney v. Brown (1972), 31 Ohio App. 2d 25.]

(No. 300—Decided July 19, 1972.)

*Mr. Paul R. Yelton*, for appellants.

*Mr. William J. Brown*, attorney general, and *Mr. Russell F. Speidel*, for appellees.

Gray, J. This case involves questions arising out of the creation of a new school district out of two existing ones in Brown County. The admitted facts as found in the record are as follows:

"At 9:45 A. M., on January 13, 1971, the Board of Education of Brown County School District, Brown County, Ohio, adopted a resolution, pursuant to Section 3311.26, Ohio Revised Code, proposing the creation of a new local school district to be composed of the Hamersville Local School District and the Mt. Orab Local School District.

"On February 4, 1971, at 9:07 A. M., a petition of referendum was filed against the proposal of the Brown County Board of Education, pursuant to the provisions of Section 3311.26, Ohio Revised Code, with the County Superintendent of Schools. This petition was signed by plaintiffs, and other qualified electors residing in the area included in such proposed new district, equal in number to thirty-five (35%) per cent of the qualified electors voting at the last general election.

"On February 4, 1971, at 9:10 A. M., pursuant to the

authority granted in Section 3311.231, Ohio Revised Code, the plaintiffs and other electors equal in number to more than fifty-five (55%) per cent of the qualified electors voting at the last general election residing in the territory known as the Hamersville Local School District, proposed, by petition, the transfer of all of such territory of the Hamersville Local School District to the adjoining Georgetown, Ohio, Exempted Village School District, by the filing of said petition with the County Superintendent of Schools.

"On May 4, 1971, the Board of Elections, Brown County, Ohio, conducted an election in the Hamersville Local School District and the Mt. Orab Local School District with the following issue presented on the ballot: 'Shall the proposed creation of a new school district out of the territory comprising the Hamersville Local School District and the Mount Orab Local School District be approved?'

"A majority of the votes on said issue were 'Yes.' Plaintiffs and each of them voted 'No' on said issue. Thereafter the Board of Elections, following a recount, certified the result of the election as having received a majority vote in the affirmative.

"On May 17, 1971, the Board of Education, Brown County, Ohio, School District, met and acted to create a new school district as a result of the election held May 4, 1971, naming the new District 'Western Brown Local School District'."

The philosophy of the Supreme Court was expressed in *State, ex rel. Hannan,* v. *DeCourcy,* 18 Ohio St. 2d 73, wherein Justice Schneider speaking for the court said, at pages 80-82:

"This brings us directly to the final proposition of the prosecuting attorney which, to our view, is also unsound. He contends that petitions for annexation and incorporation must be fully 'processed' by the board of county commissioners in the order in which they were filed. There is neither statutory nor decisional requirement for this procedure. *Hoye* v. *Schaefer,* 166 Ohio St. 277, and *State, ex rel. Ferris,* v. *Shaver,* 163 Ohio St. 325, are the direct descendants of *Trumbull County Board of Ed.* v. *State, ex rel.*

*Van Wye,* 122 Ohio St. 247. Those cases concerned two separate administrative agencies having concurrent jurisdiction of separate proceedings affecting common territory. The rule of their common ancestor, *Merrill* v. *Lake,* 16 Ohio 373, is that as between courts having concurrent jurisdiction of the same cause or subject of action, the court which first acquires jurisdiction may proceed to exhaust that jurisdiction to the exclusion of the second court, and the latter shall defer to the former.

"* * *

"On the state of the record now before us, we find that when the court below heard and decided this case the board of county commissioners has sole jurisdiction of the incorporation petition (which included the four municipally-proposed annexation petitions) as well as jurisdiction of both the freeholder-proposed annexation petitions then pending. Its jurisdiction of the incorporation petition was subject to divestment solely upon its decision to deny one or more municipally-proposed annexations notwithstanding a favorable election on one or more of the same. *State, ex rel. Loofbourrow,* v. *Board of County Commrs.,* 167 Ohio St. 156. Furthermore, that decision was within its sound discretion. *Dabkowski* v. *Baumann,* 175 Ohio St. 89; *State, ex rel. Maxson,* v. *Board of County Commrs.,* 167 Ohio St. 458, 149 N. E. 2d 918.

"The time of filing of various petitions was not determinative of any priority for their consideration. Their order of precedence was within the discretion of the board of county commissioners subject, of course, to applicable statutory limitations. * * *"

The gist of that decision is that the board of education of Brown County had sole jurisdiction of both proceedings, the proceeding the board itself initiated and the proceedings initiated by the petitioners who desired merger with the Georgetown, Ohio, exempted village school district. The decision was within its sound discretion. The board exercised its discretion and we find no abuse thereof, especially since the voters of Hamersville local school district and the Mt. Orab local school district voted affirmatively to

create a new district called the Western Brown local school district. On May 17, 1971, the board of education of Brown County met and acted to create the latter school district.

On May 25, 1971, a complaint was filed by plaintiffs alleging the following:

"Plaintiffs are residents, citizens, real property owners, taxpayers and qualified electors of Brown County, Ohio, and of the area known as the Hamersville Local School District, Brown County, Ohio, and bring this action for themselves and on behalf of all other persons similarly situated."

On May 25, 1971, there was no longer in existence an area known as the Hamersville local school district, Brown County, Ohio; hence, plaintiffs have no standing or capacity to bring this action as the basis for their alleged right no longer existed. The General Assembly has spoken on this point. R. C. 3311.231 provides, in pertinent part, as follows:

"If an entire district is transferred the board of education of such district is *thereby abolished* or if a member of the board of education lives in that part of a school district transferred the member becomes a nonresident of the school district from which the territory was transferred and he ceases to be a member of the board of education of such district."

On May 4, 1971, the people of the Hamersville local school district and the Mt. Orab local school district spoke. This alone would cause us to dismiss the complaint filed in this case but, when the General Assembly decreed that the school boards of both districts were abolished, weight has been added which tips the scales heavily against the position taken by plaintiffs.

It is the duty of this court to ascertain and give effect to the object of the people in voting to create the new school district—Western Brown local school district. The court will presume that the people were dissatisfied with the set up of their former school district; that they wanted a change; that they wanted the change they voted for; and that they wanted it as soon as possible.

Then to cap the climax, we do not think plaintiffs had the capacity, or standing to bring the action on May 25, 1971. The complaint is dismissed. Since we have dismissed the complaint for the reasons herein stated, it is unnecessary that we pass on the assignments of errors.

*Complaint dismissed.*

ABELE, P. J., and STEPHENSON, J., concur.

STEPHENSON, J., concurring. While I agree with much that is said in the majority opinion, I prefer to place my concurrence upon the reasoning below.

The primary issue in this appeal may be stated thusly:

Where a county school board has adopted a resolution pursuant to R. C. 3311.26 creating a new district of two local school districts and, within thirty days from the date of such resolution, a referendum petition is filed against the creation of the new district followed within minutes by the filing of a transfer petition by electors in one of the two districts seeking transfer to another district under authority of R. C. 3311.231, is the board required as a matter of law to process and give priority to the transfer petition over proceedings upon the referendum petition?

The Constitution of Ohio, Section 3, Article 6, authorizes and requires the General Assembly to enact laws for the organization, administration and control of a public school system. Pursuant to such power, the General Assembly has enacted extensive laws regulating the procedure for the creation, dissolution, transfer and consolidation of school districts. An examination of these statutes reveals that the General Assembly has not, however, by express wording, mandated the procedure which is the subject matter of this appeal.

The statutory scheme adopted is readily apparent. With respect to authority to create school districts, such authority is delegated only to county boards of education and the state school board. However, in recognition that

the electors to be affected in such newly created district should have a voice, the right of referendum is given. In the matter of the transfer of one school district to another, authority is given both the board of education and the state board. Additionally, however, authority is given to the electors in a school district to propose a transfer and have an election held thereon.

R. C. 3311.26, under which the Brown County board of education created the new district comprising the former Hamersville local school district and the Mt. Orab local school district, provides for subsequent procedures. If no referendum petition is filed in the office of the county superintendent of schools, the resolution creating the new district becomes effective on the thirtieth day after adoption of the resolution. If a referendum petition is properly filed, the board must certify the same to the board of elections for an election. All of the electors in the proposed new district are eligible to vote.

R. C. 3311.231 provides, in substance, that a county board may adopt a resolution for the transfer of a school district or a portion thereof which, if no referendum is filed against it, becomes effective in thirty days. The electors of a district can propose, by a petition, the transfer of a district or portion thereof to another district. If either a referendum petition or transfer petition is filed, the statutes provide the subsequent procedure, which is, in essence, that the validity of the signatures be checked by the board of elections and certain steps be taken before the issue is placed on the ballot. The eligible voters are those electors in the district containing territory proposed to be transferred.

The statutory difference between who is permitted to vote upon the referendum petition and who is permitted to vote upon a transfer petition is the nub of the controversy and is the reason appellants seek priority of their transfer petition.

While the legislature has not expressly stated whether one or the other or neither have priority, it is evident that it could not have been intended to have both voted on

at the same election. The latter could have the paradoxial result of placing the school territory in a newly created district while at the same time transferring it to still another district.

In *State, ex rel. Erwin,* v. *Bd. of Edn.,* 17 Ohio St. 2d 63, the Ohio Supreme Court considered the two statutes here in question. Concededly, the facts therein differ from the instant case. In *Erwin,* the county board adopted a resolution, pursuant to R. C. 3311.26, creating a new district which included territory known as the Bloomfield local school district. Within the thirty days thereafter and before the effective date of the resolution, electors of the Bloomfield district filed a transfer petition pursuant to R. C. 3311.231. No referendum petition was filed. A writ of mandamus was issued by the Court of Appeals requiring an election upon the transfer petition by the electors of the Bloomfield district. The Supreme Court reversed. The rationale of the decision appears to be that the electors of a school district have the right under R. C. 3311.231 to "determine their destiny" if they choose to exercise it up and until action is taken under R. C. 3311.26. Where a resolution is adopted under the latter section, it can only be overridden by a referendum to be voted upon by all the electors in the new district or, if no referendum petition is timely filed, by a transfer proceeding to be voted upon by all the electors in the new district. It is important to note in *Erwin* that the court placed no significance on the fact that the petition for transfer was filed before the effective date of the resolution. It emphasizes the reasoning that only a timely filed referendum petition, followed by a favorable vote, can override the board's action.

The importance the court attached to the date of adoption of the resolution creating the new district is perceivable. Prior to such date, if a transfer petition is filed, only the electors of the district containing the territory sought to be transferred are affected or involved. Where, however, a board creates a new district, a determination has necessarily been made that such is required by the best interests and schooling needs of all of the children in the new district; hence, other electors besides those in the

district sought to be transferred are involved and affected by the board's action with respect to the education of their children. The Attorney General's opinions, particularly No. 572 of 1968, upon which appellants rely, fail to recognize or place any weight on this important factor leading to the creation of a new district.

The court specifically reserved the question of priority when a petition for transfer is filed, and before the election is held the board subsequently acts to include the territory in a new district and no referendum is filed before the effective date. In my view, consistency would require that transfer proceedings be given priority and those eligible to vote would be only electors in the district sought to be transferred. It would be anomalous that the General Assembly would give the initial right of choice to the electors of a district seeking transfer, if such choice was timely implemented by a transfer petition filed prior to board action, and then allow that choice to be nullified by subsequent action of the board.

I conclude that where the board, pursuant to R. C. 3311.26, adopted the resolution creating the new district and the referendum petition was filed against it, all of the electors in the newly proposed district were eligible to vote. Therefore, the board acted lawfully in certifying the referendum petition for an election even though there was filed at the same time as the referendum petition, or immediately thereafter, a transfer petition for part of the territory in the newly proposed district seeking a vote only by the electors in the district seeking transfer.