**In re Annexation of Acres in Jefferson Twp.**
[Cite as 7 AOA 47]

*Case No. 11896*
*Montgomery County, (2nd)*
*Decided October 16, 1990*

*Jeffrey Taylor and Rita F. Joyce of Taylor & Associates, 1110 East Central Avenue, West Carrollton, Ohio 45449, for Jefferson Township Board of Trustees, Plaintiff-Appellant.*

*William D. Forbes, 101 North First Street, Miamisburg, Ohio 45342, for Rita Caton, et al., Defendants-Appellees.*

BROGAN, J.

The Board of Trustees of Jefferson Township appeals the decision of the trial court allowing the annexation of part of its territory to the city of Moraine. The annexation was initiated under R.C. 709.02 et seq. by petition of the appellees who own real estate in the territory to be annexed. The township asserts three assignments of error, claiming that the trial court erred in not finding the annexation to be contrary to the "general good" and involving an unreasonably large amount of land, that the Board of County Commissioners abused its discretion in not continuing a public hearing, and that the landowners' petition was a facade for actions actually initiated by Moraine. For reasons stated more fully below, we will affirm the judgment of the trial court.

In 1988 the City of Dayton initiated procedures under R.C. 709.13 et seq. to annex Jefferson Township. Subsequent to this action, landowners in the southeastern part of the township began signing a petition to have their land annexed to Moraine pursuant to R.C. 709.02 et seq. The township claims that Moraine was the actual impetus of the petition. Moraine denies this allegation, but the record is clear that the city did, at the very least, lend substantial assistance to the supporters of the annexation petition.

Pursuant to R.C. 709.02(c), Kathleen Kropff was named as agent for the landowners. On May 4, 1988, Kropff filed the petition with the Montgomery County Commissioners in accordance with R.C. 709.03. Written notice of this filing was received on the same day by Jack Arnold, the Clerk of Jefferson Township. The Board of County Commissioners filed he petition with the Montgomery County Auditor for public inspection on May 12, 1988.

The parties dispute how many valid landowner signatures were on the petition. The landowners claim 171, while the township alleges 160. Fifty withdrawals of signatures were offered. The Board of County Commissioners, however, ruled that only forty-two of the withdrawals were valid. Thus, the petition was left with either 118 or 129 landowners requesting annexation. 118 signatories constitute a majority of the landowners of the territory. Thus, under both parties' version

of the facts, the petition had the number of signatures required by R.C. 709.02.

During the pendency of the landowners' annexation process, the City of Dayton withdrew its attempts at an "outside" annexation.

The Board of County Commissioners held a public hearing on the landowners' annexation petition on July 26, 1988. The township raised several objections to the annexation, and requested a continuance in order to verify the number of signatures on the petition. The Board recessed for a half-hour to an hour while they recalculated the number of signatures. Upon reconvening, the Board confirmed that a sufficient number of landowners had signed the petition. Further testimony was heard, and the hearing was then adjourned. On October 11, 1988, the Board formally approved the annexation.

The township timely appealed the Board's decision to the Court of Common Pleas pursuant to R.C. 2506.01. The township also filed for an injunction to prevent the annexation under R.C. 709.07. The trial court consolidated these actions, and on October 27, 1989 affirmed the Board's decision and denied the injunction.

The township now appeals.

For its first assignment of error, the township asserts that:

"THE COURT OF COMMON PLEAS ERRED IN FINDING THAT THE GENERAL GOOD OF THE TERRITORY SOUGHT TO BE ANNEXED WILL BE SERVED BY THIS ANNEXATION, AND FURTHER THE COURT ERRED IN NOT FINDING THAT THE TERRITORY SOUGHT TO BE ANNEXED IS UNREASONABLY LARGE, SUCH FINDINGS WERE AFFIRMATION OF THE DECISION OF THE BOARD OF COUNTY COMMISSIONERS."

R.C. 709.033 states that a Board of County Commissioners *shall* approve an annexation initiated by landowners of the territory to be annexed if:

"1. A petition is filed in accordance with R.C. 709.02;

"2. Notice of the petition is published in a local newspaper for four consecutive weeks prior to the hearing;

"3. A majority of landowners, have signed the petition;

"4. An accurate map of the territory is attached;

"5. The territory to be annexed is not 'unreasonably large'; and

"6. The annexation serves the 'general good' *of the territory to be annexed.*"

The township argues that the last two of these elements has not been met. We do not agree.

Whether an annexation is for the "general good" of the territory to be annexed is a factual determination within the discretion of the Board of County Commissioners. *Middletown v. McGee* (1988), 39 Ohio St. 3d 284. Moreover, the Board is to give great weight to the wishes of the landowners to be annexed in deciding what is in their own "general good." *In Re Laricca* (1973), 40 Ohio App. 3d 250, 253-254. The reason for this deference is that the intent of the General Assembly in enacting R.C. 709.02 et seq. was "to give an owner of property freedom of choice as to the governmental subdivision in which he desires his property to be located." *Middletown, supra,* at 286.

It is well established that if the decision of an administrative agency, like the Board of County Commissioners, is based upon substantial, reliable, and probative evidence, the decision cannot be disturbed by a reviewing court. *Dudukovich v. Housing Authority* (1979), 58 Ohio St. 2d 202.

The Board heard extensive testimony on the benefits the landowners would receive by joining Moraine. Taxes are lower, and property values higher and more stable in Moraine than in Jefferson Township. Moraine has 26 full-time police officers and 13 full-time firefighters, while Jefferson Township has only five full-time police officers and an all volunteer fire department. Moraine provides an ambulance, trash pickup, and incinerator fees free of charge to its citizens. Jefferson Township charges for each of these services. Moreover, Jefferson Township's ambulance only runs part-time. Lastly, Moraine offers a wider variety of recreational activities than Jefferson Township. Given, this evidence, we cannot say that the Board erred in finding the annexation to be in the "general good" of the landowners.

The township points to several factors, including a lessening of the township's racial balance, that indicate that the annexation will not be for the "general good" of the township as a whole. While many of these points are valid, they are nonetheless not encompassed in the inquiry required by the statute. R.C. 709.033(D) clearly limits the issue to the "general good of the territory sought to be annexed," not the territory that will remain if the annexation is

successful. *In Re Annexation of 118.7 Acres in Miami Twp.* (1990), 52 Ohio St. 3d 124.

The Summit County Court of Appeals has defined "unreasonably large" in R.C. 709.033(D) in terms of three factors:

"(1) the geographic character, shape and size (acreage) of the territory to be annexed in relation to the-territory to which it will be annexed (the city), and in relation to the territory remaining after the annexation is completed (the remaining Township area);

"***

"(2) the ability of the annexing city to provide the necessary municipal services to the padded territory. (Geographic as well as financial largeness may be considered. ***)

"(3) the effect on remaining township territory if annexation is permitted. If the territory sought to be annexed is so great a portion of the township's tax base that the annexation would render the remaining township incapable of supporting itself, then the Board might, reasonably conclude the proposed annexation is unreasonably large, although such annexation would benefit the territory sought to be annexed."

*In Re Annexation of 1,544.61 Acres in Northampton Twp.* (1984), 14 Ohio App. 3d 231, 233. The township concedes that the second factor is met in the case at bar, but argues that the other two are not. We disagree.

The first factor addresses the physical size of the territory to be annexed in relation to the current area of the township as a whole. The territory in question makes up only seven to ten percent of the township. This is not a large enough portion to even trigger the compensation for lost tax revenues provisions of R.C. 709.19. Given this fact, we cannot say that ten percent is too physically large as a matter of law.

The third factor requires a tax loss that would "render the remaining township incapable of supporting itself." However, the township admits that his annexation will "clearly" not cause it to "fold up and cease operating." Appellant's brief, p. 15. Some decrease in tax revenue necessarily accompanies any annexation, but such evidence does not demonstrate that the territory to be annexed is "unreasonably large."

The appellant's first assignment of error is found to be not well taken.

For its second assignment of error the township asserts that:

"THE BOARD OF TRUSTEES OF JEFFERSON TOWNSHIP OBJECTED TO THE CONDUCT OF THE HEARING ON JULY 26, 1988, BASED UPON O.R.C. SECTION 709.033. THE OVERRULING OF THIS OBJECTION AND FAILURE TO DELAY SAID HEARING TO A LATER DATE WAS UNREASONABLE AND UNLAWFUL AND THE COURT OF COMMON PLEAS ERRED IN NOT FINDING THAT THE BOARD OF COUNTY COMMISSIONERS ACTED ARBITRARILY AND UNLAWFULLY AND AGAINST THE LEGISLATIVE INTENT OF SECTION 709.033 WHEN IT UPHELD THIS ANNEXATION."

R.C. 709.03 provides a twenty day period within which signatories of the annexation petition may withdraw their names. The gist of the township's argument is that it was cheated of eight of these days, from when the township's clerk received notice of the petition until it was filed for public inspection in the auditor's office. We do not agree.

Placing the petition in the auditor's office for public inspection is the duty of the clerk of the Board of County Commissioners, not the petitioners. R.C. 709.03. Nothing in the statute prescribes how soon after receiving the petition the clerk must file it with the auditor. We see nothing inherently unreasonable or unusual in the eight day lapse of time.

The twenty day withdrawal period begins to run "after notice of filing (of the petition with the Board] is delivered to the clerk of the township in which [the petitioner] resides." *Id.* It is uncontroverted that the clerk of Jefferson Township received written notice of the annexation petition on the same day that it was filed, May 4, 1988. The public hearing did not occur until July 26, 1988. Thus, the landowners were clearly provided with twenty days within which to withdraw their signatures.

The township argues that by not having the petition open for public inspection for the first eight days of the withdrawal period, it hampered their efforts to induce landowners to withdraw their signatures. We note that the twenty day withdrawal period is for the benefit of the signatories, not the township resisting the annexation. However, we also fail to see why the township was prevented from mounting its resistance until the actual petition was available for public inspection. The township had written notice of the filing of the petition, and knew exactly what territory was attempting to leave the fold. This information was sufficient for it to begin its efforts to retain the territory.

The township also argues that since by the time of the hearing the "threat" of annexation by Dayton no longer existed, many of the landowners would now wish to withdraw their signatures. Assuming that this were true, it would he irrelevant. Annexations under R.C. 709.13 (such as Dayton attempted) do not stay landowner initiated annexations. *Holcomb v. Board of County Commissioners* (1980), 62 Ohio St. 2d 241. Moreover, even if at the time of the hearing every single landowner wished to withdraw his signature, they could not do so because two and a half months had passed since they signed, and no extension of the twenty day period is provided for in the statute.

The township also argues that the Board abused its-discretion by not granting it a continuance to verify the eight proffered withdrawals which were not accepted. We note that if we accept the landowners' count of the signatures, the eight additional withdrawals would have still left a majority of them in favor of annexation. Assuming *arguendo* that this is not the case, the township still cannot prevail.

When the township made this objection, the Board recessed, recalculated the number of signatures, and confirmed the rejection of the eight withdrawals at issue. Furthermore, the Board did not render a decision on the petition until October 11, 1988. If the township uncovered any irregularities in the signature count, it had three months following the hearing to bring it to the Board's attention. Since it has not done so, the township fails to show prejudice. Therefore, the Board did not abuse its discretion by denying the continuance.

The township's second assignment of error is found to be not well taken.

As it's third assignment of error, the township asserts that:

"THE COURT OF COMMON PLEAS ERRED IN NOT FINDING THAT THE ACTIONS OF THE CITY OF MORAINE CIRCUMVENTED THE STATUTORILY MANDATED PROCEDURES AND THAT THIS ACTION WAS ARBITRARY AND UNREASONABLE, AND SUCH THE COUNTY COMMISSIONERS DECISION IS ERROR."

The township argues that the landowners' petition was a facade for an annexation actually sponsored by Moraine. Assuming *arguendo* that this was the case, it would not have been improper. *In Re Annexation of 118.7 Acres in Miami Twp.* (1990), 52 Ohio St. 3d 124.

All of the township's assignments of error having been found to be not well taken, we will affirm the judgment of the trial court sustaining the decision of the Board of County Commissioners to allow the annexation.

WOLFF, P.J., concurs.

GRADY, J., dissenting.

I must respectfully dissent from the opinion of the majority concerning Appellant's second assignment of error.

The Board of County Commissioners possesses broad discretion in determining questions of fact in annexation proceedings. The Board's conclusions of fact may not be reversed on review unless they are found to be unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of the evidence. *In re Annexation of 118.7 Acres, Miami Township v. Rita Caton* (April 11, 1989), Montgomery App. No. 11444, unreported, aff'd 52 Ohio St. 3d 124. However, review of issues of law arising from those proceedings is more narrowly circumscribed. A court of common pleas should enjoin the annexation upon a showing of error in the proceedings of the Board of County Commissioners. R.C. 709.07(D)(1). Because that is a determination of law, appellate courts may reverse if the error is manifest from the record and the appellant has been prejudiced thereby.

R.C. 709.03 establishes a procedure whereby those signing an annexation petition may withdraw their signatures and support, but within a very short period of time, i.e., twenty days. That period commences when notice of the petition is served on the clerk of the township affected. Service of the notice is the responsibility of the agent for the petitioners. Because of his interest in the success of the petition, it should be expected that notice will be served promptly, as it was in this case.

The General Assembly has provided in R.C. 709.03 a *preferred* method for public inspection of the petition. It must be filed in the office of the County Auditor and there kept available for that purpose. Responsibility for filing the petition with the County Auditor is placed on the Clerk of the Board of Commissioners. While no time limit for the filing is set out in the statute, it was surely the intent of the General Assembly that it be available for public inspection for a term sufficient to satisfy the means and purposes of the statute.

The Supreme Court has recently held that public resources of the municipality to be benefitted may he employed in an annexation petition drive and proceeding. *In re Annexation, supra.* That view recognizes these efforts for what they are; contests between incorporated and unincorporated areas for the support of property owners, employing sometimes substantial inducements to leave one area and join another. For that reason, the procedures of the Board of County Commissioners may not unduly prejudice the opportunities of either party established by the General Assembly to obtain support for its view and position.

R.C. 709.03 provides for a twenty day period after service of notice on the township clerk during which signatures may be withdrawn. In view of the purposes of the statute, it is important that the period during which the petition is available for public inspection at the offices of the County Auditor be substantially coterminous with the period for withdrawal of signatures. Otherwise, those who wish to solicit withdrawal of names from the petition may be denied the opportunity to learn those names through the express provisions for inspection provided by the statute. The Board may not so foreshorten the statutory period of time for public inspection of the petition that those desiring to persuade signers to withdraw are prejudiced in their ability to do so.

In this case, the twenty day inspection period was reduced by eight days, forty percent of the time required, by reason of the unexplained delay of the Board of County Commissioners in filing the petition for public inspection. Appellants were thus foreclosed from their statutory opportunity to identify and persuade those who signed the petition to withdraw their agreement to annex. The significance of that is clear from the record; the necessary number of withdrawals was at most eleven short of the number required, out of 234 landowners in the area concerned. The prejudice of the deprivation is manifest.

I believe that a requirement of public inspection must be construed strictly in favor of those for whose benefit it was devised. In this case, that group would certainly include the township residents who might use the information open to inspection to obtain the remedy against annexation provided in the statute. The argument of Appellees that there is no relationship between the term of public inspection and the twenty day withdrawal period would, if followed, allow the public inspection term to commence even *after*

the signature withdrawal period had concluded. That would defeat the entire purpose of the remedy provided in the legislation.

I find that the Appellants have shown error in the proceedings of the Board of County Commissioners, as a matter of law, and that the trial court erred in failing to grant the injunction requested. I would enter an order enjoining the annexation.

---

[1] The territory in question is approximately 1,265.2969 acres, comprising between seven to ten percent of the current total area of the township, and is occupied by 234 landowners.