JOURNAL ENTRY AND OPINION
Appellant Thomas A. Hughes, a licensed real estate broker, appeals from a judgment of the Common Pleas Court affirming the order of the Ohio Real Estate Commission which found appellant to have violated R.C. 4735.18 (A) (6). Appellant contends the Real Estate Commission was without jurisdiction to discipline the appellant; that appellant's actions did not amount to "misconduct"; nor did they violate any statute, regulation or ethical provision. For the reasons hereinafter stated, we affirm.
Appellant Thomas A. Hughes is a licensed real estate broker who, in February 1996, was conducting business out of the William T. Byrne office in Mayfield Village, Ohio. On Saturday, February 17, 1996, Todd Simpson, who later became a complainant to the Division of Real Estate, visited the Byrne agency with his wife and expressed interest in purchasing residential property in the Hillcrest area.
Appellant spent time with the Simpsons discussing the community and available properties. At the Simpsons' request, he assembled a packet of information about the properties and mailed it to them. Mr. Simpson asked appellant to arrange appointments to view selected properties on the following weekend. Appellant did so and arranged appointments to show the Simpsons five or six properties the following Saturday, February 24, 1996.
On February 23rd, the Friday evening before the scheduled Saturday appointments, Simpson called and requested that the showings be rescheduled one day later, for Sunday, February 25th. Appellant made the changes and agreed to meet the Simpsons at the Byrne office on Sunday afternoon. The Simpsons never kept their appointment with appellant on Sunday afternoon. Simpson left a call on appellant's home answering machine Sunday afternoon, but appellant never got it since he was at work.
As a result, appellant spent several hours on Sunday awaiting the Simpsons' arrival without any result. Several days later, appellant called the Simpson residence and learned from Mrs. Simpson that the Simpsons had purchased a residence in another community through another broker on Sunday evening, the day they had scheduled appointments with appellant.
At that point, appellant tallied up the time and effort he had expended at the Simpsons' request and estimated that it was approximately eight hours. He wanted to be compensated for the services he had performed but, realizing that he had no express agreement with the Simpsons which provided for such compensation, appellant sought to determine whether he could properly make such a charge. Appellant consulted the published statutes and regulations relating to brokers on the subject and the Code of Ethics of the real estate industry. He could find no clear answer to the question.
At the hearing before the Real Estate Board, appellant testified that in an effort to be absolutely certain that his proposed conduct would not contravene any rule or ethical principle, he called the Ohio Division of Real Estate and his call was routed through to an investigator, Mr. Laird Eddie, in the legal section of the Division. After listening to appellant's exposition of all of the circumstances, according to appellant, Investigator Eddie told appellant to "go for it." However, at the administrative hearing, Investigator Eddie testified that he could not recall any such conversation with appellant, but that the conversation attributed to him seemed "out of character" for him.
Mr. Eddie testified that the question of whether it is proper to invoice a customer for services in the absence of a completed transaction or an express agreement to do so was not "cut and dried" and that, in fact, he would not be able to answer such a question based upon the authorities he typically consults. He acknowledged he was not familiar with any provisions of the Code of Ethics or the statutes which deal with this situation. Appellant sent an invoice to the Simpsons for $400 representing eight hours of his time at $50 an hour on March 25, 1996, and a follow-up letter on April 5, 1996. He made no other effort to collect for his services. The Simpsons complained to the Ohio Division of Real Estate on April 15, 1996, leading to the disciplinary action and a hearing before a hearing examiner.
On May 20, 1997, the hearing examiner issued findings of fact and conclusions of law finding that appellant was guilty of misconduct in violation of R.C. 4735.18 (A) (6). The Commission adopted the examiner's report and imposed a $1,200 fine and required ten hours of continuing education courses.
On appellant's appeal to the Common Pleas Court, the trial court affirmed the Commission's finding of misconduct in violation of the statute, but held that the Commission did not have authority to impose the $1,200 fine or ten hours of continuing education as those sections of the statute did not become effective until June 13, 1996, subsequent to appellant's conduct. The trial court remanded to the Commission for disciplinary action in accordance with its opinion. The Commission has not cross-appealed the trial court's finding on the punishment.
Appellant asserts two assignments of error which we will consider in the order presented.
 I. THE COURT OF COMMON PLEAS ERRED IN AFFIRMING THE ORDER OF THE OHIO REAL ESTATE COMMISSION WHICH FOUND APPELLANT TO HAVE VIOLATED § 4735.18 (A) (6), OHIO REVISED CODE.
In his first assignment of error, appellant argues that R.C. Chap. 4735 does not specifically prohibit a real estate salesperson from charging for services without an advance agreement stating the terms.
The standards of review in both the trial court and this Court on an R.C. 119.12 administrative appeal are set forth inDiversified Benefit Plans Agency, Inc. v. Duryee (1995),101 Ohio App.3d 495, 499:
 When reviewing an order of an administrative agency, a common pleas court acts in a "limited appellate capacity." Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835, 838. In reviewing an order of an administrative agency pursuant to R.C. 119.12, the common pleas court is bound to affirm the agency's order "if it is supported by reliable, probative, and substantial evidence, and is in accordance with the law." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750. See, also, Bottoms Up, Inc. v. Ohio Liquor Control Comm. (1991), 72 Ohio App.3d 726, 728, 596 N.E.2d 475, 476. The common pleas court "`must give due deference to the administrative resolution of evidentiary conflicts'" and therefore must not substitute its judgment for that of the administrative agency. Hawkins v. Marion Corr. Inst. (1990), 62 Ohio App.3d 863, 870, 577 N.E.2d 720, 724, quoting Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267.
 An appellate court's review of the trial court's decision is even more limited and requires the appellate court "to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency." Pons, 66 Ohio St.3d at 621, 614 N.E.2d at 750-751. Where the common pleas court applies a standard of review greater than that called for in R.C. 119.12, the trial court has abused its discretion. Bottoms Up, Inc., 72 Ohio App.3d at 729-730, 596 N.E.2d at 476-477.
In this case, we find the trial court correctly concluded that the Real Estate Commission's disciplinary determination was supported by reliable, probative and substantial evidence and was in accordance with law. There was no abuse of discretion.
Appellant essentially argues that there is no specific regulatory provision proscribing the conduct for which appellant was charged and that the section under which he was charged, R.C.4735.18 (A) (6), is unconstitutionally vague and violates his due process rights by not providing sufficient notice as to the type of conduct which constitutes a violation.
R.C. 4735.18 (A) states in pertinent part:
 [T]he Ohio real estate commission shall * * * impose disciplinary sanctions upon any licensee who, in the licensee's capacity as a real estate broker or salesperson, or limited real estate broker or salesperson, or in handling the licensee's own property is found guilty of: (6) Dishonest or illegal dealing, gross negligence, incompetency, or misconduct.
Ohio courts have held that regulatory agencies, such as the Ohio Real Estate Commission, may rely on their own expertise in deciding whether certain conduct violates professional standards.Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. ofReal Estate (1990), 48 Ohio St.3d 74, 76; Arlen v. State
(1980), 61 Ohio St.2d 168, 173-174; Hughes v. Ohio Div. ofReal Estate (1993), 86 Ohio App.3d 757, 760; Vradenburg v.Ohio Real Estate Comm. (1982), 8 Ohio App.3d 102, 104.
In Kiko, supra, the Supreme Court recognized that the General Assembly has given the Real Estate Commission broad discretion to determine what conduct constitutes "misconduct." The Supreme Court found that the Ohio Real Estate Commission is empowered to determine whether the acts of a broker constitute "misconduct" withing the meaning of R.C. 4735.18. The Supreme Court defined misconduct under R.C. 4735.18 (F) as:
 [U]nprofessional conduct or that conduct including any breach of duty which is prohibited under professional codes of ethics, or conduct which is contrary to law. Willfulness, good intentions or actual harm to a party are not necessarily controlling factors in such license suspension proceedings.
Id. at 77.
In Vradenburg, supra, at 104, the court in determining whether certain facts constituted "gross negligence" stated:
 Because the term "gross negligence" is not defined in R.C. Chapter 4735 and because it is not subject to a definition that applies in all cases, considerable discretion must be given a licensing and disciplinary commission when it determines whether the term applies to a specific set of facts.
Furthermore, in Seith v. Ohio Real Estate Commission (Aug. 6, 1998), Cuyahoga App. No. 73181-82, unreported at 9-10, this Court recently held that the determination of whether a broker's conduct constituted impermissible "negotiation," was a matter which must be deferred to the Commission:
 The Ohio Real Estate Commission, which has primary enforcement responsibility in the licensing and disciplining of real estate salespeople, rendered a determination with respect to appellants that is supported by reliable, probative and substantial evidence and is in accordance with law. This administrative agency must be accorded due deference by this Court. See Ciriello v. Bd. of Embalmers and Funeral Directors of Ohio (July 17, 1995), Summit App. No. 10922, unreported at 7, where the court ruled that "an administrative agency's construction of a statute that the agency is empowered to enforce must be accorded due deference," citing Leon v. Bd. of Psychology (1992), 63 Ohio St.3d 683, 687 and Chaney v. Clark Cty. Agr. Soc., Inc. (1993), 90 Ohio App.3d 421, 426. Consequently, we find the Court of Common Pleas did not abuse its discretion in affirming the agency's order.
In the instant case, the Ohio Real Estate Commission, with the benefit of its expertise, found that appellant's conduct constituted misconduct under R.C. 4735.18 (A) (6). The Commission is the state administrative agency responsible for licensing and regulating real estate professionals in Ohio. This administrative licensing board has the authority in a disciplinary action to rely upon its own expertise in deciding whether a realtor has failed to conform to a minimum standard of practice. Appellant's assertion that there was no specific regulatory provision prohibiting his conduct and that he was not provided sufficient notice as to what constituted a violation is unpersuasive. Under his assertion, the Commission would be required to specifically list every possible real estate brokerage violation before it could enforce its responsibilities. It would be impossible for lawmakers and rulemakers to spell out in detail every type of conduct that constitutes misconduct by a real estate broker. This is the precise reason why the Commission must be given considerable discretion in determining whether certain conduct is violative of the standard of practice in the industry.
In Ohio, a real estate broker is expected to perform his professional obligations at a high level. In Alban v. Ohio Real Estate Comm. (1981), 2 Ohio App.3d 430, 434-435, the court stated:
 A person holding a real estate license is held to a higher standard of competency and fairness than is a lay member of the public in the market place. The license granted by the state to individuals acting as real estate brokers imposes a duty to conform to the statutory standards set forth in R.C. Chapter 4735.
This Court's role is not to substitute its judgment for that of the Commission or of the common pleas court, but to review the common pleas court's decision for abuse of discretion. We will defer to the expertise of the Ohio Real Estate Commission in deciding whether appellant's actions constituted misconduct. Appellant has failed to show that it is an acceptable practice to charge a customer for his time without having a valid contract in place or discussing the matter beforehand. Appellant also arbitrarily charged the Simpsons for services which customarily are not charged to prospective home owners. Accordingly, the Commission's finding of misconduct is supported by reliable, probative, and substantial evidence and was not contrary to law. The trial court did not abuse its discretion in so holding. Moreover, it cannot be said that the decision is contrary to law.
Appellant's Assignment of Error I is overruled.
 II. THE COURT OF COMMON PLEAS ERRED IN CONCLUDING THAT THE REAL ESTATE COMMISSION HAD JURISDICTION TO ENTER THE ORDER APPEALED FROM.
In his second assignment of error, appellant argues that the time period between the filing of the complaint and having received notification of the formal hearing violated R.C.4735.051 and appellant's due process rights. We disagree because we find the language of the statute at issue is directory not mandatory.
As discussed above, the Ohio Real Estate Commission is the state administrative agency responsible for licensing and regulating real estate professionals in Ohio. R.C. 4735.051
allows the Commission to investigate alleged violations of license laws and regulations and sets forth certain periods of time for the Commission to act.
"Ordinarily, a statutory requirement that an act be performed is mandatory while the time for performing the act is directory. This is especially true of a provision that a tribunal render a decision within a designated time. Failure to do so does not deprive the tribunal, in this case the board, of its jurisdiction to act." In re Raymundo (1990), 67 Ohio App.3d 262, 268.
An administrative agency does not lose jurisdiction in disciplinary actions if it fails to act within statutory time periods, absent a showing of prejudice. See In re Heath (1992),80 Ohio App.3d 605, 608; In re Barnes (1986), 31 Ohio App.3d 201,208.
In Heath, supra, the State Medical Board failed to render a decision within sixty days after the filing of the hearing examiner's report as was required under R.C. 4731.23 (D). In deciding whether the medical board lacked jurisdiction to revoke Heath's medical license, the court stated:
 R.C. 4731.23 (D) does impose a mandatory duty upon the State Medical Board to act within sixty days after the receipt of the hearing examiner's report. Merely because an administrative tribunal has a mandatory duty to act within a certain period of time does not mean that the board loses jurisdiction if it does not act within such mandatory period of time. Appellant relies upon State ex rel. Hannan v. DeCourcy (1969), 18 Ohio St.2d 73, 47 O.O.2d 193, 247 N.E.2d 465. Paragraph one of the syllabus in Hannan does indicate that the duty imposed by R.C. 4731.23 (D) is mandatory; however, that paragraph is not authority for the proposition that the board loses jurisdiction if it does not act within the prescribed time. Appellant's basic contention that the board lost jurisdiction over the matter is without merit. To the extent that the sixty-day requirement of R.C. 4731.23
(D) is mandatory, a subsequent action of the board would not be reversed on appeal unless the appellant demonstrates prejudice, and in that event it would be remanded for a new determination.
Id.
It has also been held that the statutory time periods of R.C.4731.23 (A) are directory rather than mandatory, and the hearing officer's failure to issue a report within the designated time is not grounds for reversal absent a showing of prejudice. Sickingv. State Medical Bd. (1991), 62 Ohio App.3d 387, 392; Raymundo,supra; Hill v. State Medical Bd. (Dec. 5, 1996). Franklin App. No. 96APE05-656, unreported.
Furthermore, in Barnes, supra, the appellant-asserted that the Ohio State Board of Psychology lacked jurisdiction to suspend his license pursuant to R.C. 4732.17 (G) because it failed to hold a hearing within fifteen days after he requested it as required in R.C. 119.07. The court held that even though R.C. 119.06 through119.10 provide the administrative procedures for the suspension or revocation of state licenses, the fifteen-day statutory time period set forth in R.C. 119.07 was directory, not mandatory notwithstanding the use of the word "shall" in the statute. Therefore, the board maintained jurisdiction to suspend his license after the time period had expired. Id. at 207-208.
Based on these cases, a statutory requirement that a tribunal act within a designated time is directory, not mandatory. Therefore, the statutory time periods of R.C. 4735.051 are directory in nature and the Commission did not lose its jurisdiction after failing to charge appellant within such time period. In order to reverse the Commission's decision, appellant must demonstrate prejudice as a result of the late action.
In this case, appellant, who retained his real estate license during the entire investigation and hearing process, has failed to demonstrate any prejudice resulting from the timing of this matter. Thus, the hearing examiner and Board were well within their discretion in overruling appellant's motion to dismiss. Nor did the Court of Common Pleas abuse its discretion in so holding.
Appellant's Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for these appeals.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., CONCURS.
 ROCCO, J., DISSENTS. (SEE DISSENTING OPINION ATTACHED)
 __________________ JAMES M. PORTER ADMINISTRATIVE JUDGE