HOLCOMB, APPELLEE, *v.*
BOARD OF SUMMIT COUNTY COMMISSIONERS, APPELLANT.

[Cite as Holcomb v. Bd. of Commrs. (1980), 62 Ohio St. 2d 241.]

(No. 79-1535—Decided May 28, 1980.)

242

*Mr. John E. Holcomb,* for appellee.

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Mr. William E. Schultz,* for appellant.

*Per Curiam.* Annexation of unincorporated territory to a municipal corporation may be accomplished through either of two statutory methods. The first method, set out in R. C. 709.02 to 709.12, inclusive, allows resident landowners to petition for annexation. The second method, governed by R. C. 709.13 to 709.21, inclusive, is initiated by petition of a municipal corporation seeking to annex contiguous territory.

This second method, annexation by petition of a municipal corporation, has a major requirement that is not present when freeholders petition for annexation of their property. R. C. 709.17 requires the proposed annexation to be voted upon by the electors of the unincorporated area of the township sought to be annexed. If a majority of the voters in such an election reject the proposed annexation, "no further proceedings shall be had for at least five years." If the proposal is approved by the electors, then proceedings must begin within 90 days to complete annexation under the statutory procedures. An affirmative vote for annexation is merely advisory with final approval resting within the discretion of the commissioners under the guidelines established in R. C. 709.033. *State, ex rel. Loofbourrow,* v. *Board of Commrs.* (1957), 167 Ohio St. 156.

The county commissioners in this cause delayed their decision on the Akron petitions, filed by appellee, to await the results of the election to be conducted in Springfield

Township. This delay, however, pushed their decision upon the Akron petitions beyond the statutory time limits. R. C. 709.031 provides that a hearing must be held upon these petitions in "not less than sixty nor more than ninety days after the petition is filed***."

R. C. 709.033 provides further that "[t]he board of county commissioners shall grant or deny the petition for annexation within ninety days after the hearing set pursuant to section 709.031 of the Revised Code." The county commissioners contend that they were justified in delaying consideration of appellee's petitions beyond these statutory periods because of the conflicting Lakemore petition, which required the election. We, however, find this contention to be without merit based upon our prior decisions on this subject.

The order of filing these different types of petitions does not control this situation. In paragraph two of the syllabus in *State, ex rel. Hannan,* v. *DeCourcy* (1969), 18 Ohio St. 2d 73, this court held:

"The time of filing various petitions with a board of county commissioners for annexation and incorporation of all or part of the same unincorporated territory is not determinative of any priority for the consideration of such petitions."

The first paragraph of the syllabus further provides that:

"When a duty is enjoined by statute upon an administrative board to hear and decide an issue within a specific time limitation, it is mandatory that the board act accordingly, unless to do so would lead to an inevitable conflict with rights which are superior to those of the party for whose benefit the duty is to be discharged." *

The right of the village of Lakemore to seek annexation is not superior to the right of the appellee to have the Akron peti-

---

* This court has further clarified its position concerning conflicting annexation petitions, by holding:

"The order of precedence for the consideration of incompatible petitions for incorporation or annexation or both, within the jurisdiction of a board of county commissioners is lodged in the discretionary powers of that agency, *subject to applicable statutory time limitations.* All concurrent petitions, including those unaffected by temporal limitations, may be considered jointly, or successively, if it is possible to comply with temporal limitations, the presumption being indulged that the board will not arrive at irreconcilable decisions." (Emphasis added.) Paragraph three of the syllabus in *State, ex rel. Hannan,* v. *DeCourcy, supra.*

tions decided in a timely manner. This court has recently stated that:

"Although the implications for the community to which the property in question would be annexed may well be of some consequence, the clear statement of the General Assembly in R. C. 709.033 cannot be ignored. That statute directs the ultimate focus of annexation proceedings be on 'the general good of the territory sought to be annexed,' and requires granting of the petition when it is shown that such benefit will result." *Lariccia* v. *Board of Commrs.* (1974), 38 Ohio St. 2d 99, at page 102.

It is clear that the statutes pursuant to which the appellee filed his petitions do not require a vote by the electors of Springfield Township. By deferring the consideration of appellee's petitions pending the outcome of the Springfield Township election, the county commissioners have imposed an unwarranted delay upon the freeholders who signed the petitions for annexation to Akron. The county commissioners had a clear legal duty to follow the statutory procedures in dealing with appellee's petitions.

We, therefore, affirm the issuance of the writ of mandamus by the Court of Appeals. We recognize that in the instant cause the statutory time limits for all petitions have now expired. These petitions, however, must be resolved in accordance with the order in which they should have been considered had the time limitations been followed initially.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.