AMBROSE ET AL. *v.* COLE ET AL.

(No. 11207—Decided December 28, 1983.)

*Mr. John E. Holcomb,* for relators Patricia C. Ambrose *et al.*

*Mr. Lynn C. Slaby,* prosecuting attorney, for respondent Summit County Council *et al.*

*Ms. Jane E. Bond,* for respondent county executive, John R. Morgan.

GEORGE, J. Referendum and nominating petitions were filed with the Summit County Board of Elections for the election of a merger commission to study the merger of the village of Lakemore with Springfield Township. A month later the Golden Corp., through its designated agent, Patricia C. Ambrose, filed a resident landowner's petition with the Clerk of Summit County Council requesting that approximately 5.9 acres of Springfield Township property be annexed to the city of Akron.

The respondents refused to act upon the Golden annexation petition, claiming that the filing of petitions for the election of a merger commission prohibits the consideration of any annexation requests. R.C. 709.48 provides:

"On and after the date on which a petition is filed with the board of elections * * * for the election of a merger commission for the merger of a municipal corporation and the unincorporated territory of a township, *no petition for the annexation of any part of the unincorporated territory of the township shall be filed with a board of county commissioners under section 709.03 or 709.15 of the Revised Code, until one of the following occurs:*

"(A) The question of forming a merger commission is defeated at the election * * *.

"(B) The merger commission * * * fails to reach agreement on conditions of merger * * *.

"(C) The conditions of merger agreed upon by the merger commission are defeated * * *." (Emphasis added.)

The relators have complied with the requirements of R.C. 709.02 and seek a writ of mandamus to compel the respondents to process their annexation petition. In order for the relators to prevail, an interpretation of the merger statutes must result in a finding that: (1) R.C. 709.13 to 709.21 apply only to that unincorporated township territory which is adjacent to the municipal corporation, and (2) the language of R.C. 709.48 relating to "any part of the unincorporated territory" means only such parts of the unincorporated township as may be subject to the merger.

The physical characteristics of Springfield Township become somewhat significant to a determination of this case. Springfield Township is comprised of a main body of land with four satellite areas. Its main body of land completely surrounds the village of Lakemore so that the village is entirely within a portion of Springfield Township.

The 5.9 acres which is the subject of this action is a portion of one of the Springfield Township satellites. It is irregular in shape, resembling an "F" in configuration, and touches the city of Akron in four distinct areas. Further, it is surrounded by the cities of Akron and Tallmadge and is neither adjacent to the main body of the Springfield Township territory, nor is it adjacent to the village of Lakemore.

To accomplish the annexation of an unincorporated territory to a municipal corporation there are two methods provided by statute. One method permits resident landowners to petition for annexation. R.C. 709.02 to 709.12, inclusive. The other method permits a municipal corporation to petition for annexation of contiguous unincorporated territory. R.C. 709.13 to 709.21, inclusive.

The location of the village of Lakemore within the main body of the Springfield Township territory qualifies it for merger under R.C. 709.44. That section provides in part:

"* * * the unincorporated area of a township may be merged with a municipal corporation located adjacent to or wholly or partly within the township * * *."

This section establishes the conditions under which a municipal merger may be sought. Since the village of Lakemore is located entirely within the main body of the Springfield Township territory it meets the conditions of R.C. 709.44. The Springfield Township satellites comprise a part of the unincorporated territory of the township. However, is a petition for the annexation of property involving a portion of a Springfield Township satellite barred by R.C. 709.48?

The relators argue that because the 5.9 acres of land sought to be annexed to the city of Akron is located within a satellite, it does not qualify as property subject to the merger petition. R.C. 709.43 defines merger as:

"* * * 'merger' means the annexation, one to another, of existing municipal corporations or of the unincorporated area of a township with a municipal corporation located adjacent to or wholly or partly within that township."

What relators seek to do by this action is to challenge the scope of the merger petition. They argue that a merger includes only those territories which are contiguous one to the other. Since the relators' property is located within a Springfield Township satellite, which is obviously not contiguous to the main body of the Springfield Township territory, and which additionally is not contiguous to the village of Lakemore, then it is posited that such property cannot be affected by the merger. The thrust of relators' argument is that the merger does not apply to the Springfield Township satellite which houses the 5.9 acres. This is an indirect attack upon the validity of the merger request.

*Watson* v. *Doolittle* (1967), 10 Ohio App. 2d 143 [39 O.O.2d 267], provides authority for the relators' argument that the village of Lakemore may only merge so much of Springfield Township as is contiguous to the village. Although this court has not decided the merger issue, assuming merger is limited to contiguous territory, the language of R.C. 709.48 is clear. It precludes the filing of any petition for annexation for *any part of the unincorporated territory* of Springfield Township until certain conditions are met. It is logical to assume that the legislature intended that the status quo should be maintained during the pendency of the merger procedure.

The relators seek a determination from this court as to the precise area covered by the proposed merger. The relators could have sought a judicial determination of this issue in a declaratory judgment action. However, instead, they chose to bring this action in mandamus claiming that they have a clear legal right to have their annexation petition considered regardless of the pendency of the merger procedure.

The entitlement to a writ of mandamus is dependent upon this court's determination: first, that the relators have a clear legal right to have their annexation petition processed; second, that the respondents are under a clear legal duty to process the relators' annexation petition, and; third, that the relators have no plain and adequate remedy at law. *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41, 42 [8 O.O.3d 36], and its derivations. See, also, Annotation (1973), 49 A.L.R. 3d 589, and *Stressenger* v. *Bd. of County Commrs.* (1971), 28 Ohio App. 2d 124 [57 O.O. 193].

If the relators are correct that there is a clear legal duty owed to them, they would not now be requesting this court to determine the parameters of the merger petition. The relators' claim is dependent upon the determination of which property is and which property is not amenable to merger. The relators have an adequate

remedy at law, which they have failed to utilize. Further, those persons interested in the area subject to a merger with the village of Lakemore are not before this court. Finally, relators have failed to establish that they have a right to have their annexation petition processed and that the respondents have the duty to process it while a merger procedure is pending. This court does find that there is a clear legal duty upon the respondents to refuse to accept for filing any petitions for annexation until the merger procedure has been exhausted by one of the conditions set forth in R.C. 709.48.

For the foregoing reasons, the relators are not entitled to a writ of mandamus. The writ is, therefore, denied.

*Writ denied.*

MAHONEY, P.J., and BAIRD, J., concur.