THE STATE, EX REL. CITY OF TOLEDO, *v.* BOARD OF COMMISSIONERS OF LUCAS COUNTY ET AL.

[Cite as State, ex rel. Toledo, *v.* Bd. of Commrs. of Lucas Cty. (1987), 32 Ohio St. 3d 352.]

(No. 87-350—Decided September 16, 1987.)

*Sheldon M. Rosen,* director of law, and *James N. Turner,* for relator.

*Anthony G. Pizza,* prosecuting attorney, and *Gary M. Orlow,* for respondent, Board of Commissioners of Lucas County.

*Ritter, Boesel, Robinson & Marsh, Benjamin F. Marsh* and *Sheilah H. McAdams,* for intervening respondent city of Maumee.

*John D. Garand,* for intervening respondents, Monclova Township et al.

*Per Curiam.* In order to issue a writ of mandamus, the court must find (1) that relator has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the requested act; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225; *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus;

*State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6, 15 O.O. 3d 3, 399 N.E. 2d 66, paragraph one of the syllabus.

The primary issue in this case focuses upon the second of the three requirements for a writ of mandamus. Toledo maintains that the board of commissioners had a clear legal duty to accept, act upon, and approve Toledo's annexation petition pursuant to divisions (B) and (D) of R.C. 709.16. The board of commissioners, Maumee, and Monclova Township, however, argue that the board of commissioners had a clear legal duty to refuse to accept for filing Toledo's annexation petition because of the pending Maumee-Monclova Township merger petitions and the provisions of R.C. 709.48 which bar the filing of annexation petitions while such merger proceedings are pending.

There are three primary methods of municipal annexation set forth in R.C. Chapter 709. Annexation of territory to a municipal corporation on the application of landowners ("landowners petition") is controlled by R.C. 709.02 to 709.12. Annexation of territory to a municipal corporation on the application of that municipal corporation ("municipal petition") is controlled by R.C. 709.13 to 709.21. The merger, or annexation to each other, of two or more municipal corporations, or of a municipal corporation and the unincorporated area of a township, on the submission of merger petitions ("merger petitions"), is controlled by R.C. 709.22 to 709.34 (annexation) and R.C. 709.43 to 709.48 (merger.)

There are three different annexation proceedings involved in this case, each of which involves some of the same parcels of land located in Monclova Township: (1) Maumee's municipal petition to annex property in Monclova Township; (2) the Maumee and Monclova Township petitions to effect a merger; and (3) Toledo's municipal petition to annex property in Monclova Township.

The issue in this case is the applicability of the provisions of R.C. 709.48[1] which purport to bar the filing of any annexation petitions with a board of county commissioners under R.C. 709.03 or 709.15 after the filing of a merger petition under R.C. 709.45. Toledo contends that, although its municipal petition was submitted to the board of commissioners after the filing of the Maumee-Monclova Township merger petitions, the provisions of

---

[1] R.C. 709.48 provides:

"On and after the date on which a petition is filed with the board of elections under section 709.45 of the Revised Code for the election of a merger commission for the merger of a municipal corporation and the unincorporated territory of a township, *no petition for the annexation of any part of the unincorporated territory of the township shall be filed with a board of county commissioners under section 709.03 or 709.15 of the Revised Code, until one of the following occurs*:

"(A) The question of forming a merger commission is defeated at the election provided for under section 709.45 of the Revised Code by a majority of the elec-

tors of either the municipal corporation or the unincorporated territory of the township in which the election is held.

"(B) The merger commission elected pursuant to section 709.45 of the Revised Code fails to reach agreement on conditions of merger no later than the seventy-fifth day prior to the next general election after the commission was elected.

"(C) The conditions of merger agreed upon by the merger commission are defeated by a majority of the electors of either the municipal corporation or the unincorporated territory of the township in which the election on the conditions is held." (Emphasis added.)

R.C. 709.48 do not preclude the filing of Toledo's petition, because of the special treatment afforded by R.C. 709.16(B) and (D)[2] to municipal petitions to annex contiguous property owned by the municipality. The respondents contend that, given the prior filing of the merger petitions, R.C. 709.48 is a complete bar to the filing of Toledo's petition.

Toledo raises three separate arguments in support of its proposition that R.C. 709.48 did not bar the filing of its annexation petition with the board of commissioners. However, since we find that consideration of the first issue is dispositive of this case, we do not need to address the remaining issues.

Toledo contends that the rules of statutory construction and applicable case law are persuasive authority that R.C. 709.48 does not bar Toledo's an-

nexation petition pursuant to R.C. 709.16(B) because, by its express terms, R.C. 709.48 only precludes annexation petitions filed under authority of R.C. 709.03 or 709.15. Toledo argues that, because its petition was filed under authority of R.C. 709.16(B), the bar set forth in R.C. 709.48 does not apply in this case. In addition, Toledo argues that R.C. 709.03 is a substantive statute in the context of landowner petitions, whereas R.C. 709.15 is merely a procedural statute which sets forth the contents to be included in municipal petitions. Thus, Toledo contends, R.C. 709.48 is internally inconsistent since it bars filings under the substantive statute (R.C. 709.03) with regard to landowner petitions but refers only to the procedural statute (R.C. 709.15) in regard to municipal petitions.

We find that none of Toledo's

---

[2] R.C. 709.16 provides:

"(A) When a petition for the annexation of contiguous territory by a municipal corporation is presented to the board of county commissioners, proceedings shall be had in all respects, so far as applicable, as are required by sections 709.02 to 709.12 of the Revised Code.

"(B) *If the only territory to be annexed is contiguous territory owned by the municipal corporation seeking annexation and if such territory is located entirely within the same county as the municipal corporation seeking annexation, upon receipt of the petition required by section 709.15 of the Revised Code, the board of county commissioners shall, by resolution, approve the annexation and make such adjustments of funds, unpaid taxes, claims, indebtedness, and other fiscal matters as the board determines to be proper.* The annexation shall be complete upon the entry, pursuant to the board's resolution, of an order upon the journal of the board authorizing such annexation.

"(C) If the only territory to be annexed is contiguous territory owned by the coun-

ty, upon receipt of the petition required by section 709.15 of the Revised Code, the board of county commissioners, by resolution, may disapprove the annexation, or may approve the annexation and make such adjustments of funds, unpaid taxes, claims, indebtedness, and other fiscal matters as the board determines to be proper. The annexation shall be complete upon the entry, pursuant to the board's resolution, of an order upon the journal of the board authorizing such annexation.

"(D) *The board of county commissioners shall act upon a petition for annexation filed by a municipal corporation under this section within thirty days after receipt of the petition, unless the board of county commissioners for good cause extends the time for filing by delivering notice to the municipal corporation of the extension prior to the expiration of such thirty-day period.*

"(E) Section 709.17 of the Revised Code does not apply to an annexation of territory described in division (B) or (C) of this section." (Emphasis added.)

statutory interpretation arguments is well-taken. In the context of the overall statutory framework governing landowner petitions (R.C. 709.02 to 709.12) and municipal petitions (R.C. 709.13 to 709.21), it is clear that R.C. 709.03 and 709.15 are counterpart substantive provisions. Both the landowner petition annexation and municipal petition annexation proceedings are commenced by the filing of annexation petitions with the board of county commissioners. Landowner petitions are filed pursuant to R.C. 709.03. Municipal petitions are filed pursuant to R.C. 709.15. Thus, the plain language of R.C. 709.48 prohibits the filing of either landowner or municipal petitions after a merger proceeding has been commenced pursuant to R.C. 709.43 to 709.47.

It is clear that R.C. 709.16 is not a separate, independent substantive annexation mechanism. The plain language of R.C. 709.16 expressly indicates its interrelationship with the overall municipal annexation procedure. R.C. 709.16(A) provides that petitions by municipal corporations are subject to review proceedings by the board of county commissioners in accordance with R.C. 709.02 to 709.12. R.C. 709.16(B) refers to "receipt of the petition *required by section 709.15 of the Revised Code*" (emphasis added) as a condition precedent to the board's duty to consider the issues involved in the annexation.

There is no doubt that R.C. 709.15 requires the filing of a municipal petition with the board of county commissioners to commence an annexation proceeding under R.C. 709.13 to 709.21, and that R.C. 709.16(B) is a subsidiary, dependent provision which affords accelerated treatment to certain types of municipal annexation

petitions. It is equally clear that the provision of R.C. 709.48 which bars the filing of annexation petitions under R.C. 709.15 during pending merger proceedings is applicable here to bar the filing of Toledo's annexation petition with the board of commissioners.

Toledo contends that interpreting R.C. 709.48 as a bar to its annexation petition would defeat the clear object of R.C. 709.16(B) to allow a city to annex land which it already owns. To the contrary, however, accepting Toledo's arguments regarding the inapplicability of the R.C. 709.48 bar would defeat the legislative intent to favor self-determination by the entire electorates of affected political subdivisions over the interests of property owners or other political units. In effect, accepting Toledo's "substance versus procedure" distinction would render meaningless the R.C. 709.48 bar against petitions filed pursuant to R.C. 709.15. Furthermore, we do not believe that R.C. 709.16(B) evidences any clear intent of the legislature to give municipal corporations the preemptive annexation powers claimed by Toledo.

Toledo also argues that interpreting R.C. 709.48 as a bar would result in the "senseless absurdity" of permitting inconsistent and conflicting issues to be presented to the electorate on the same ballot. Toledo cites no authority, however, which holds that the hypothetical possibility of the voters being required to decide among several issues is a valid argument to preclude the application of a clear statutory provision.

Toledo further presents a detailed analysis in which it argues that construing R.C. 709.48 and 709.16 *in pari materia* demonstrates that R.C. 709.48 does not bar a petition under R.C. 709.16(B).[3]

---

[3] (1) If two statutes are in irreconcilable conflict, the latest enactment (R.C. 709.16) will control, or be regarded as an exception to or qualification of the prior statute (R.C.

Toledo's arguments for its *in pari materia* interpretation of these statutes presume three conditions which do not exist in this case: (1) ambiguity of the statutes, (2) general provisions which conflict with specific provisions, and (3) irreconcilable statutory provisions. To the contrary, a fair reading of the provisions of R.C. 709.48 and 709.16 *in pari materia,* and in the context of the overall statutory annexation scheme set forth in R.C. Chapter 709, shows that there is no ambiguity, no conflict between general and specific provisions and no irreconcilable difference between R.C. 709.48 and 709.16. Furthermore, a review of the legislative history of R.C. 709.16 and 709.43 to 709.48 shows that there has been a definite legislative policy to weaken the power of municipalities to "automatically" annex city- and county-owned lands to a municipality.

Finally, Toledo argues that the only reported Ohio decision involving the impact of R.C. 709.48, *Ambrose* v. *Cole* (1983), 13 Ohio App. 3d 355, 13 OBR 436, 469 N.E. 2d 906, is inapplicable to this case because *Ambrose* involved a conflict between merger petitions and landowner annexation petitions filed pursuant to R.C. 709.03. In addition, Toledo argues that the *Ambrose* analysis is incomplete because it failed to recognize two additional statutory methods for annexation of unincor-

porated territory to a municipal corporation: the "merger" process under R.C. 709.43 *et seq.,* and the special statutory proceedings invoked by Toledo in this case — R.C. 709.16(B).

Contrary to Toledo's assertion, the *Ambrose* case is precisely analogous to the situation here. The same issues and questions raised in this case were addressed in *Ambrose.* That case involved the appropriateness of a mandamus action, issues as to the presence of necessary parties, the availability of alternative remedies, and the validity of the action of the county council in refusing to act upon an annexation petition after merger petitions had been filed.

We approve of the court of appeals' analysis in *Ambrose* as to the issue before this court:

"* * * Although this court has not decided the merger issue, assuming merger is limited to contiguous territory, the language of R.C. 709.48 is clear. *It precludes the filing of any petition for annexation for any part of the unincorporated territory of Springfield Township until certain conditions are met.* It is logical to assume that the legislature intended that the status quo should be maintained during the pendency of the merger procedure.

"* * *

"* * * This court does find that there is a *clear legal duty* upon the respondents *to refuse to accept for fil-*

709.48), even to the point of effecting a repeal of the earlier statute by implication.

(2) If two statutes are in irreconcilable conflict, the special statute (R.C. 709.16) will prevail over the general statute (R.C. 709.48), especially when the special statute is later in point of time.

(3) Although the general rule is that procedural statutes are to be liberally construed, where conflict is apparent between substance as opposed to procedure, statutes providing substantive rights (R.C. 709.16)

will be more liberally construed than statutes pertaining merely to procedure (R.C. 709.48 and 709.15).

(4) Rights of a party shall not be limited or defeated by failure to comply with nonjurisdictional statutory provisions relating to procedure.

(5) Those parts of a statute which relate to a procedure in no wise control those parts, later enacted, which affect the substance of the case.

*ing any petitions for annexation* until the merger procedure has been exhausted by one of the conditions set forth in R.C. 709.48." (Emphasis added.) *Ambrose, supra,* at 356-358, 13 OBR at 437-439, 469 N.E. 2d at 908-909.

As discussed above, R.C. 709.48 makes no distinction in the prohibition of petitions filed at the behest of landowners or by a city. The prohibition is equally applicable under either procedure.

We find that after a petition is filed with a board of elections for the election of a merger commission for the merger of a municipal corporation and the unincorporated territory of a township, there is a clear legal duty upon a board of commissioners to refuse to accept for filing any petitions for annexation of land located within the township until the merger procedure had been exhausted by one of the conditions set forth in R.C. 709.48.

Since Toledo has failed to demonstrate that the board of commissioners was under a clear legal duty to accept and approve Toledo's annexation petition, the complaint for a writ of mandamus must be denied.

*Writ denied.*

LOCHER, HOLMES, STRAUSBAUGH, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., and SWEENEY, J., dissent.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting for DOUGLAS, J.

MOYER, C.J., dissenting. I respectfully dissent from the *per curiam* opinion for the reasons that follow. I agree with respondents' argument and with the conclusion of the majority that the General Assembly has generally favored self-determination by the electorate of affected political subdivisions in annexation matters. There are, however, exceptions, and one of those exceptions is found in the case before us.

The three statutes that must be construed are R.C. 709.15, 709.16 and 709.48. R.C. 709.15 merely sets forth the means by which a municipal corporation may request of the board of county commissioners that contiguous territory be annexed to the municipal corporation. The statute provides that the request is to be by petition and that the petition shall contain certain information. In that sense, R.C. 709.15 serves the same purpose as Civ. R. 7(A) and 8(A) and other statutes that describe the form that must be filed to initiate a claim or a cause of action. See R.C. 731.31, 3745.08 and 4957.14.

R.C. 709.14 provides that an annexation of contiguous territory is initiated when a majority of the legislative authority of a municipal corporation adopts a resolution authorizing the annexation to be made and directing the solicitor or law director to take the necessary action to effect the annexation. Just as there are other Civil Rules and statutes that provide time limits within which complaints and claims must be filed and the legal tests to be applied in determining the sufficiency and timeliness of such claims, in the matter before us, there are statutes that must be reviewed to determine whether the county commissioners were required to act upon the petition presented to them by the city of Toledo.

R.C. 709.16 was reenacted and amended effective June 7, 1986. When it readopted the statute, the General Assembly retained the import of its predecessor by providing in subsection (B) that:

"If the only territory to be annexed is contiguous territory owned by the municipal corporation seeking annexation and if such territory is located entirely within the same county as the municipal corporation seeking annexation, upon receipt of the petition required by section 709.15 of the Revised Code, the board of county commissioners shall, by resolution, approve the annexation and make such adjustments of funds, unpaid taxes, claims, indebtedness, and other fiscal matters as the board determines to be proper. The annexation shall be complete upon the entry, pursuant to the board's resolution, of an order upon the journal of the board authorizing such annexation."

Respondents attach importance to the addition by the General Assembly of the reference to R.C. 709.15 in the amended statute. In my view, the only importance of R.C. 709.15 is that the General Assembly was simply clarifying its intent that an annexation by a city of territory pursuant to R.C. 709.16 must begin with the preparation of the petition that is described in R.C. 709.15.

It is significant that subsection (A) of R.C. 709.16 provides that "a petition for the annexation of contiguous territory by a municipal corporation is [to be] *presented* to the board of county commissioners * * *." (Emphasis added.) The use of the word "presented" is important in view of the rationale that appears to underlie R.C. 709.16 and in view of the fact that R.C. 709.48 uses the word "filed" rather than "presented." The General Assembly clearly intended in subsection (B) of R.C. 709.16 to give special status to the annexation by a municipal corporation of territory which it owns and to which it is contiguous. Subsection (B) is a specific provision that is intended to supersede the general provisions of

R.C. 709.48. Had the General Assembly intended that R.C. 709.48, adopted in 1981, apply to a petition presented to the board of county commissioners pursuant to R.C. 709.16, it could have stated its intention when it amended that section in 1986. We are bound by R.C. 1.51 to give precedence to a special statutory provision if it conflicts with a general provision and that general provision is not later adopted. *State, ex rel. Brown,* v. *Rockside Reclamation* (1976), 47 Ohio St. 2d 76, 83, 1 O.O. 3d 46, 49, 351 N.E. 2d 448, 453; *Davis* v. *Bd. of Review* (1980), 64 Ohio St. 2d 102, 105, 18 O.O. 3d 345, 347, 413 N.E. 2d 816, 818.

Such a provision is not unique to annexation proceedings by municipal corporations. A similar provision is found in R.C. 5555.03 providing for the presentment to the board of county commissioners of a request for the construction, reconstruction or proven repair of any public road whereupon the board "shall" within thirty days after the presentment of such a petition make a determination whether the improvement shall be made.

My review of the statutes in question causes me to conclude that, where a municipal corporation by a majority vote of the members of its legislative authority adopts an ordinance pursuant to R.C. 709.14 and presents a petition to the board of county commissioners pursuant to R.C. 709.16 that complies with the substantive requirements of R.C. 709.15, the county commissioners must accept the petition. After determining the verity of the factual information submitted in the petition, the board of county commissioners must approve the annexation pursuant to the other requirements of subsection (B) of R.C. 709.16.

I would grant the writ of mandamus.