[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 107.]

THE STATE EX REL. SMITH ET AL. *v*. FROST, JUDGE, ET AL.

[Cite as *State ex rel. Smith v. Frost*, 1995-Ohio-265.]

*Mandamus compelling judge to vacate permanent injunction prohibiting Licking County Board of Commissioners from proceeding with hearings on annexation petitions filed by relators and village of Granville and ordering commissioners to proceed on the annexation petitions—Writs granted, when.*

(No. 95-1707—Submitted October 10, 1995—Decided November 22, 1995.)

IN MANDAMUS.

———————————

{¶ 1} Relator Gebhard W. Keny owns property in Granville Township ("township"), Licking County, Ohio, which is adjacent to Newark, a municipal corporation also located in Licking County. On October 31, 1994, relator Harrison W. Smith, Jr., in his capacity as Keny's agent, filed a petition pursuant to R.C. 709.02 with respondent Licking County Board of Commissioners ("commissioners") to have the property annexed to Newark. Under R.C. 709.031, the commissioners scheduled a hearing on the annexation petition for January 9, 1995. On November 2, 1994, the village of Granville ("village") filed a petition pursuant to R.C. 709.15 with the commissioners requesting annexation of all of the township, which includes Keny's property, to the village. Under R.C. 709.16(A) and 709.031, the commission set the village's annexation petition for hearing on January 17, 1995.

{¶ 2} On November 7, 1994, certain electors in the village and township filed a petition pursuant to R.C. 709.45 with the Licking County Board of Elections ("board") seeking the election of a merger commission to consider the merger of

the village with unincorporated property in the township, including Keny's property.

{¶ 3} On December 13, 1994, the village filed a complaint for declaratory judgment and injunctive relief against the commissioners in the Licking County Court of Common Pleas seeking to prohibit them from proceeding with hearings on the annexation petitions previously filed by relators and the village. On December 30, 1994, respondent Judge Gregory L. Frost issued a preliminary injunction against the commissioners, barring them from hearing Keny's annexation petition. On March 3, 1995, Judge Frost permanently enjoined the commissioners from holding any further proceedings on the annexation petition filed by relators. Judge Frost also enjoined the board from placing the village's annexation issue before the voters or otherwise acting on the village's annexation petition "until a vote on the merger issue has occurred and until further order" of the court.

{¶ 4} Relators filed a timely appeal from Judge Frost's judgment to the Court of Appeals for Licking County. After Judge Frost and the court of appeals denied relators' motions for stay of the injunction pending appeal, relators commenced this action requesting the court to issue a peremptory writ of mandamus compelling Judge Frost to vacate the permanent injunction and ordering the commissioners to proceed to process relators' annexation petition.

{¶ 5} Respondents filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The village has filed a motion to intervene and a Civ.R. 12(B)(6) motion to dismiss.

_____

*Vorys, Sater, Seymour & Pease, Duke W. Thomas* and *Bruce L. Ingram*, for relators.

2

*Robert L. Becker*, Licking County Prosecuting Attorney, and *Scott A. Anderson*, Assistant Prosecuting Attorney, for respondents Judge Frost and Licking County Board of Commissioners.

*Downes & Hurst* and *Rufus B. Hurst*, for intervening respondent village of Granville.

———————————

**Per Curiam.**

{¶ 6} As a preliminary matter, the village has filed a motion to intervene. The village claims that it is entitled to intervene as of right under Civ.R. 24(A)(2), because it possesses "an interest relating to the property or transaction which is the subject of the action and [it] is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest" and the village's interest is not "adequately represented by the existing parties." The village has an interest relating to the property which is the subject of the action, since it instituted the action which led to the permanent injunction entered by Judge Frost that relators seek to vacate in this mandamus action. Our disposition of relators' mandamus action may impair the village's ability to protect its interest. Finally, the village has met its minimal burden to establish that its interest may not be adequately represented by the current respondents. See, generally, McCormac, Ohio Civil Rules Practice (2 Ed.1992) 93-94, Section 4.37. Therefore, consistent with the liberal construction generally accorded Civ.R. 24 in favor of intervention, the village's motion to intervene is granted and its accompanying Civ.R. 12(B)(6) motion to dismiss will be considered by the court. See *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 247, 594 N.E.2d 616, 619.

{¶ 7} As to the dismissal motions filed by respondents and the village, S.Ct.Prac.R. X(5) provides that "[a]fter the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or a peremptory writ, if a writ has not already been issued." In

determining whether to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that relators can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relators' favor. Civ.R. 12(B)(6); *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129.

{¶ 8} In order to be entitled to a writ of mandamus, relators have to establish (1) a clear legal right to vacation of the permanent injunction entered by Judge Frost and an order compelling the commissioners to proceed on relators' annexation petition, (2) a corresponding clear legal duty on the part of Judge Frost and the commissioners to so act, and (3) the lack of an adequate remedy at law. *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1, 2.

{¶ 9} In considering relators' claim that Judge Frost lacked jurisdiction to consider the village's complaint for declaratory and injunctive relief and issue a permanent injunction, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. However, where an inferior court patently and unambiguously lacks jurisdiction over the cause, mandamus or prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions. *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 553 N.E.2d 650; *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 28, 647 N.E.2d 155, 157; *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 330, 59 O.O.2d 387, 389, 285 N.E.2d 22, 24.

{¶ 10} "There are three primary methods of municipal annexation set forth in R.C. Chapter 709. Annexation of territory to a municipal corporation on the application of landowners ('landowners petition') is controlled by R.C. 709.02 to

709.12. Annexation of territory to a municipal corporation on the application of that municipal corporation ('municipal petition') is controlled by R.C. 709.13 to 709.21. The merger, or annexation to each other, of two or more municipal corporations, or of a municipal corporation and the unincorporated area of a township, on the submission of merger petitions ('merger petitions'), is controlled by R.C. 709.22 to 709.34 (annexation) and R.C. 709.43 to 709.48 (merger)." *State ex rel. Toledo v. Lucas Cty. Bd. of Commrs.* (1987), 32 Ohio St.3d 352, 354, 513 N.E.2d 769, 771.

{¶ 11} Relators' petition, filed on October 31, 1994, was a landowner's annexation petition and the village's November 2, 1994 petition was a municipal annexation petition. The merger petition was filed on November 7, 1994, subsequent to both annexation petitions. Respondents and the village rely on R.C. 709.48 and *Davis v. Northampton Twp. Trustees* (Oct. 22, 1986), Summit App. No. 12608, unreported, in support of their contention that Judge Frost did not patently and unambiguously lack jurisdiction to enjoin the commissioners from proceeding on the annexation petitions because of the merger petition.

{¶ 12} R.C. 709.48 provides:

"*On and after the date on which a petition is filed* with the board of elections under section 709.45 of the Revised Code *for the election of a merger commission for the merger of one or more municipal corporations and the unincorporated territory of a township, no petition for the annexation of any part of the unincorporated territory of the township shall be filed with a board of county commissioners under section 709.03 or 709.15 of the Revised Code, until one of the following occurs:*

"(A) The question of forming a merger commission is defeated at the election provided for under section 709.45 of the Revised Code by a majority of the electors of any one of the municipal corporations or the unincorporated territory in which the election is held.

"(B) The merger commission elected pursuant to section 709.45 of the Revised Code fails to reach agreement on conditions of merger no later than the seventy-fifth day prior to the next general election after the commission was elected.

"(C) The conditions of merger agreed upon by the merger commission are defeated by a majority of the electors of any one of the municipal corporations or the unincorporated territory of the township in which the election on the conditions is held." (Emphasis added.)

{¶ 13} Under R.C. 709.48, after a petition is filed with a board of elections for election of a merger commission for the merger of a municipal corporation and the unincorporated territory of a township, there is a clear legal duty upon a board of commissioners to refuse to accept for filing any petitions for annexation of land located within the township until the merger procedure has been exhausted. *Toledo, supra*, at syllabus; *Ambrose v. Cole* (1983), 13 Ohio App.3d 355, 13 OBR 436, 469 N.E.2d 906. However, as conceded by respondents and the village, R.C. 709.48 is silent as to annexation petitions filed prior to the filing of a merger petition. R.C. 709.48 does not preclude a board of county commissioners from proceeding to consider the merits of the annexation petitions filed by relators and the village, which were filed before the merger petition. Nevertheless, respondents assert that "[a]lthough the language of R.C. 709.48 appears to permit a board of county commissioners to proceed with an annexation petition filed *before* a merger petition, pertinent case law in Ohio reaches the contrary result," citing *Davis* in support of this proposition. In *Davis*, the Court of Appeals for Summit County affirmed the judgment of a common pleas court declaring that the merger of a township into a municipal corporation divested it of authority to proceed on an annexation petition filed prior to the filing of the merger petition.

{¶ 14} *Davis* followed *Bd. of Commrs. of Lorain Cty. v. Elyria* (1962), 174 Ohio St. 135, 21 O.O.2d 393, 187 N.E.2d 33, where the court held that "[w]here

6

the Secretary of State issues a declaration that a village has achieved the status of a city during the pendency of an annexation proceeding concerning the village and a city such change in status divests the Board of County Commissioners of jurisdiction of the annexation proceeding." *Id.* at syllabus. The court in *Bd. of Commrs. of Lorain Cty.* stated at 138-139, 21 O.O.2d at 395, 187 N.E.2d at 35:

"The jurisdiction which attached when the proceeding was instituted was valid jurisdiction to conduct an annexation proceeding involving annexation of part of a village to a city. The subject matter over which the board had jurisdiction as to annexation related only to annexation of part of a village to a city and not as to part of a city to another city. When North Ridgeville changed its status, the subject matter of the annexation was changed also, and because of the statutory differences in the annexation proceedings the change of status of North Ridgeville from a village to a city divested the board of its jurisdiction over the subject matter, and any further action taken by the board would have been a nullity."

{¶ 15} Contrary to respondents and the village's assertions, *Davis* held only that a *completed merger* divests a board of county commissioners from proceeding on a pending, previously filed annexation petition. Nothing in R.C. 709.48, *Davis*, or *Bd. of Commrs. of Lorain Cty.* prevents a board of county commissioners from proceeding on an annexation petition where a subsequently filed merger petition has not yet culminated in a completed merger. See R.C. 709.45 to 709.47. The foregoing authorities do not support the proposition that the mere filing of a merger petition during the pendency of an annexation proceeding before a board of county commissioners constitutes a change of conditions divesting the commissioners of jurisdiction to proceed on the annexation petition(s).

{¶ 16} Therefore, as to the issues of clear legal right and clear legal duty, "[w]hen a duty is enjoined by statute upon an administrative board to hear and decide an issue within a specific time limitation, it is mandatory that the board act accordingly, unless to do so would lead to an inevitable conflict with rights which

are superior to those of the party for whose benefit the duty is to be discharged." *State ex rel. Hannan v. DeCourcy* (1969), 18 Ohio St.2d 73, 47 O.O.2d 193, 247 N.E.2d 465, paragraph one of the syllabus. Under R.C. 709.031, the commissioners were required to conduct a hearing on relators' annexation petition no later than ninety days after the petition was filed in the office of the county auditor. When a board of county commissioners defers consideration of landowners' annexation petitions pending a vote of electors on a municipal annexation petition, a writ of mandamus will lie to compel the commissioners to consider the annexation petitions in the order in which they should have been considered had the time limitations been followed initially. *Holcomb v. Summit Cty. Bd. of Commrs.* (1980), 62 Ohio St.2d 241, 16 O.O.3d 278, 405 N.E.2d 262. As in *Holcomb*, relators have established a clear legal right to have the commissioners proceed on their annexation petition and a corresponding clear legal duty on the part of the commissioners to do so.

{¶ 17} As to the issue of whether relators' appeal from Judge Frost's permanent injunction constitutes an adequate legal remedy which precludes extraordinary relief in mandamus, where a special statutory procedure like that provided for annexation is available, actions for declaratory judgment and injunction cannot be used to bypass the statutory procedure. *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 42, 572 N.E.2d 1387, 1389; see, also, *Galion v. Am. Fedn. of State, Cty., & Mun. Emp., Ohio Council 8, AFL-CIO, Local 2243* (1995), 71 Ohio St.3d 620, 623, 646 N.E.2d 813, 815. "[S]ince it is always inappropriate for courts to grant declaratory judgments and injunctions that attempt to resolve matters committed to special statutory proceedings, their decisions should always be reversed on appeal, except when they dismiss the actions. *** [T]his [is] tantamount to a holding that courts have no jurisdiction to hear [the] actions in the first place ***." *Albright, supra*, 60 Ohio St.3d at 42, 572 N.E.2d at 1389; *Staffilino Chevrolet, Inc. v. Gen. Motors Corp.*

8

(1993), 86 Ohio App.3d 247, 250, 620 N.E.2d 256, 257. This lack of jurisdiction is patent and unambiguous, rendering the adequacy of appeal as an alternative remedy irrelevant. *Albright, supra*, 60 Ohio St.3d at 43, 572 N.E.2d at 1389. The only injunction provided for by the pertinent statutes as to relators' annexation petition is that provided by R.C. 709.07 following the commissioners' hearing and order granting the petition. Since the appeal is from a judgment which Judge Frost patently and unambiguously lacked jurisdiction to enter, the adequacy of that remedy is immaterial. *Lewis* and *Albright, supra*.

{¶ 18} Based on the foregoing, relators can prove a set of facts entitling them to the requested relief in mandamus. Respondents and the village's Civ.R. 12(B)(6) motions are overruled. Since the pertinent facts are uncontroverted, we issue a peremptory writ of mandamus compelling Judge Frost to vacate his March 3, 1995 permanent injunction, and further ordering the commissioners to proceed on the annexation petitions filed by relators and the village.

*Writ granted.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

—————————————