[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 398.]

THE STATE EX REL. BOWMAN ET AL. *v*. COLUMBIANA COUNTY BOARD OF

COMMISSIONERS ET AL.

[Cite as *State ex rel. Bowman v. Columbiana Cty. Bd. of Commrs.*,

**1997-Ohio-265.**]

*Mandamus to compel Columbiana County Board of Commissioners and county*

*auditor to order and issue warrants for payment of common pleas court*

*judgment plus postjudgment interest—Peremptory writ granted, when.*

(No. 96-1950—Submitted December 11, 1996—Decided February 5, 1997.)

IN MANDAMUS.

———————————

{¶ 1} In November 1993, respondent, Columbiana County Board of Commissioners ("board"), instituted appropriation proceedings against relators, Dean and Mary Ann Bowman and Gary and Kella Haren, in the Columbiana County Court of Common Pleas. Relators incurred substantial fees and expenses to defend the board's appropriation proceedings. In the summer of 1994, the board, without ever having been granted the right to possession of relators' property, abandoned its appropriation proceedings against relators. Pursuant to R.C. 163.21, relators then petitioned the common pleas court for their fees and expenses incurred as a result of the abandoned appropriation proceedings.

{¶ 2} In December 1994, the common pleas court entered judgment in favor of relators against the board in the amount of $43,235.26. Instead of paying the judgment, the board appealed. In December 1995, the Court of Appeals for Columbiana County affirmed the judgment as to the award of $43,235.26 in fees and expenses. The board did not institute a further appeal.

{¶ 3} Despite numerous demands made by relators for the board to pay the $43,235.26 judgment together with postjudgment interest, the board refused to pay.

In June 1996, relators demanded that respondent, Columbiana County Auditor Patricia Hadley, issue warrants for payment of the judgment plus postjudgment interest. Hadley refused to issue the requested warrants.

{¶ 4} Relators subsequently commenced this action for a writ of mandamus to compel the board and Hadley to order and issue warrants for payment of the December 1994 common pleas court judgment in the amount of $43,235.46 plus postjudgment interest from the date of the judgment. Respondents have filed a motion to dismiss.

{¶ 5} The cause is now before this court for a determination under S.Ct.Prac.R. X(5).

_____

*Porter, Wright, Morris & Arthur*, *Mark S. Stemm* and *Douglas L. Anderson*, for relators.

*Daniel J. Solmen*, Columbiana County Assistant Prosecuting Attorney, for respondents.

_____

***Per Curiam.***

{¶ 6} S.Ct.Prac.R. X(5) provides that in original actions other than habeas corpus filed in this court that "[a]fter the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or peremptory writ, if a writ has not already been issued."

{¶ 7} Respondents seek dismissal of relators' complaint for a writ of mandamus pursuant to Civ.R. 12(B)(6). Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relators' favor, it appears beyond doubt that relators can prove no set of facts warranting relief. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129.

{¶ 8} Respondents contend that relators' mandamus action should be dismissed because they are not required to pay postjudgment interest. Respondents rely on *Gates Mills v. Jones* (1994), 95 Ohio App.3d 341, 642 N.E.2d 444, claiming that *Gates Mills* held that a person who recovers a judgment under R.C. 163.21 is not entitled to interest on the judgment under R.C. 1343.03. Respondents have misconstrued the *Gates Mills* holding. *Gates Mills* merely held that an *appropriation award* is not "due and payable" for purposes of an award of postjudgment interest under R.C. 1343.03 until either possession of property is transferred or ninety days pass from the date of the appropriation determination. *Gates Mills* was limited to a determination of the propriety of an award of interest on an appropriation judgment prior to the expiration of the statutory period set forth in R.C. 163.21(A)(1)[1] for an agency to abandon appropriation proceedings.

{¶ 9} In contrast to *Gates Mills*, this case involves postjudgment interest on a judgment under R.C. 163.21(A)(2) for fees and expenses to affected landowners where appropriation proceedings against them have been abandoned. R.C. 1343.03(A) provides that "[i]n cases other than those provided in sections 1343.01 and 1343.02 of the Revised Code, *when money becomes due and payable * * * upon all judgments*, decrees, and orders of any judicial tribunal *for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *.*" (Emphasis added.)

{¶ 10} There is no evidence or assertion that the R.C. 163.21(A)(2) judgment in favor of relators arose out of either "tortious conduct" or a "contract." Therefore, in order to be entitled to postjudgment interest under R.C. 1343.03(A), the judgment must have arisen from an "other transaction." The phrase "other transaction" is not defined by statute and neither relators nor respondents have presented argument or authority as to its meaning. Undefined words used in a statute must be accorded their usual, normal, or customary meaning. *State ex rel.*

*Hawkins v. Pickaway Cty. Bd. of Elections* (1996), 75 Ohio St.3d 275, 277, 662 N.E.2d 17, 19; R.C. 1.42. A "transaction" is "[a]n act, agreement, or several acts or agreements between or among parties whereby a cause of action or alteration of legal rights occur[s]." Black's Law Dictionary (6 Ed.1990) 1496; see *State v. Penrod* (1992), 81 Ohio App.3d 654, 660, 611 N.E.2d 996, 1000.

{¶ 11} In this case, several acts have occurred between the parties. Respondents initiated appropriation proceedings against relators and subsequently abandoned the proceedings. These acts created a cause of action under R.C. 163.21(A)(2) for relators to request fees and expenses they incurred in the appropriation proceedings. Therefore, the December 1994 judgment for $43,235.26 in fees and expenses constituted a judgment for money arising out of an "other transaction." It was an *in personam* judgment against the board for which relators were entitled to postjudgment interest pursuant to R.C. 1343.03(A). Cf. *Penrod*, 81 Ohio App.3d at 660-661, 611 N.E.2d at 1000 ("[W]e hold that a judgment arising from an 'other transaction' within the meaning of R.C. 1343.03(A) refers to a judgment *in personam*. Given that a judgment arising from a forfeiture proceeding will be *in rem* * * * that statute does not entitle appellant to postjudgment interest on our previous order to return the seized property."); *Cincinnati v. Smallwood* (1958), 106 Ohio App. 496, 500, 7 O.O.2d 226, 228, 150 N.E.2d 310, 313 ("As we construe [former R.C. 1309.03, the statutory predecessor to R.C. 1343.03], it applies only to orders of court creating the relation of judgment debtor and judgment creditor. To satisfy the definition so that interest will run, the order must be definite, so that it could be enforced by execution. The court's order in an appropriation proceeding makes no such direction."). Unlike *Penrod* or *Smallwood*, the December 1994 judgment against the board for fees and expenses was definite and was not an *in rem* judgment against specific property.

{¶ 12} Based on the foregoing, relators are entitled to postjudgment interest at the rate of ten percent per year on the December 1994 common pleas court

judgment. No further evidence or argument is necessary for the resolution of this legal issue, since the pertinent facts are uncontroverted. See, *e.g., State ex rel. Smith v. Frost* (1995), 74 Ohio St.3d 107, 112, 656 N.E.2d 673, 678; *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 583, 669 N.E.2d 835, 839. Therefore, we grant a peremptory writ of mandamus compelling respondents to order and issue warrants for payment to relators of the principal amount of the December 1994 judgment plus postjudgment interest under R.C. 1343.03(A).

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. R.C. 163.21(A)(1) provides that "[i]f it has not taken possession of property that is appropriated, an agency may abandon appropriation proceedings under sections 163.01 to 163.22 of the Revised Code at any time after the proceedings are commenced but not later than ninety days after the final determination of the cause."